# Reed *versus* Reed.

*Presumption of payment from lapse of time, what will rebut.*

1. The presumption of payment of bond after the lapse of twenty-one years, is essentially different from the bar interposed by the Statute of Limitations to the recovery of a simple contract debt: the one merely prohibits the action, the other *primâ facie* obliterates the debt.

2. The bar of the statute is removed by nothing less than a new promise or an acknowledgment consistent with such promise; while the legal presumption is prevented wherever there is affirmative proof, on the part of the creditor, beyond that furnished by the specialty, that the debt has not been paid, or where there are circumstances which sufficiently account for the delay of the creditor.

3. Where the necessary facts are established, their sufficiency to rebut this presumption is a question for the court and not for the jury.

ERROR to the District Court of *Allegheny county.*

This was an action of debt brought by John Reed against Walker Reed. Pending the suit the plaintiff died, and J. P. Wylie, his executor, was substituted. The parties to the action were brothers. On the 9th day of April 1836 they entered into articles of agreement, in which Walker stipulated to pay John the sum of $325, being the price of land purchased by Walker from John. The lands of the parties, although separated by lines, being contiguous, were worked in common, the parties with their mother and sister living together, in Walker's house, and on the place. November 29th 1853, John and Walker entered into a written agreement of settlement for John's share of the produce, which had been applied to the building of some houses on Walker's land, the balance being struck. Some $400 on account were paid by Walker and receipted for to John. The evidence showed that Walker generally transacted the business, bought, sold, superintended work and worked on the farm, paid taxes, &c., and also that Walker paid debts for John since the date of the agreement on which suit was brought.

This suit was commenced December 6th 1860, more than twenty-one years after the last payment on the article of agreement had become due, and was resisted on the legal presumption of payment arising from lapse of time.

The evidence on which the plaintiff relied to rebut this presumption was as follows:—

Mrs. McGrew testified as follows: "I was stopping at my brother Walker Reed's about 1841, in the fall of the year, and I took a walk over the ground of John and Walker, and overtook Walker and commenced talking about the bond; I says to brother Walker, *Ain't* you going to pay brother John his money for the bond? He replied that he wasn't a going to. I asked

[Reed *v.* Reed.]

him why? He said father left him (John) more than me (Walker)."

Henderson Wilson testified: "I had, in 1851, a conversation with Walker Reed in regard to this bond. I was helping him haul in oats in August. There was a field adjoining his. I remarked to him that he ought to have bought that from Uncle John. He said, Yes, I wish I had bought it at the same price I bought the other land from him. I said to him, You *hain't* paid him for that other land you bought from him. He said, No, I *hain't*, and I don't intend to pay him for it. I asked why? Well, he said, his father had left him (John) more than he had him, and he was not going to pay for it.

"About two summers before that I heard a conversation between Walker and John. John asked him for $15 or $20, on account of that agreement. Walker said, I *won't* give it to you; you don't need it. John said, You always put me off in that way; you owe me more interest than that, and he said, I'll have to sue you yet. I see no other way will do."

R. M. Blackburn testified: "John put his claim in my hands. I called on Walker.; Walker said that that was business between him and John, and that I had nothing to do with it; nothing more said. This was some time between 1856 and 1858."

The learned judge before whom the case was tried instructed the jury *pro forma* that if they found that the defendant made the declarations above mentioned, they were sufficient to repel the presumption of payment, but reserved the question for the consideration of the court in banc, in case it should become necessary by the finding of the jury.

The jury found in favour of the plaintiff, subject to the opinion of the court on the question of law reserved. The court in banc (per WILLIAMS, A. J.) subsequently delivered the following opinion:—

"Notwithstanding the presumption of payment arising from the lapse of time, the jury have found on the evidence submitted to them, that the debt in this case has not been paid. Is the evidence, upon which they have thus found, sufficient to repel the presumption of payment, and to justify their finding? It is clear that if the debt had been barred by the Statute of Limitations, the evidence would not be sufficient to take it out of the statute. The admission that the debt had not been paid, so far from being consistent with a promise to pay, was accompanied with the positive declaration of the defendant that he did not intend to pay it. If, as defendant's counsel contends, it requires the same evidence to repel the presumption of payment as to remove the bar of the statute, then the evidence is clearly insufficient to repel the presumption. But does it require the same evidence in the one case as in the other? The statute operates as a flat bar, and therefore the debt is not revived, unless there

[Reed v. Reed.]

is a new promise, express or implied, to pay it. But the presumption of payment does not operate as a positive legal bar, and may be removed by proof that the debt has not, in point of fact, been paid. It is not necessary that the debt should be revived by a new promise, it is sufficient if the presumption of payment is removed. The legal presumption is repelled if the evidence establishes the existence and non-payment of the debt: Stout v. Levan, 3 Barr 235; Eby v. Eby's Assignee, 5 Id. 435; Morrison v. Funk, 11 Harris 421; McQuesney v. Heister, 9 Casey 435; King's Executor v. Coulter's Executor, 2 Grant 77; but the bar of the statute is not removed unless there be superadded the proof of a new promise, express or implied, to pay the debt: Fries v. Boisselet, 9 S. & R. 128; Kyle v. Wells, 5 Harris 286; Huff v. Richardson, 7 Id. 388; Sutler v. Sheeler, 10 Id. 308; Spitler v. Bremer, 11 Id. 413; Webster's Executors v. Newbold, 5 Wright 492.

"'The point to be attained,' in order to repel the legal presumption of payment, as was said by Woodward, J., in King's Executor v. Coulter's Executor, 'is moral conviction of a fact, and whilst it is not to be founded on evidence insufficient to convince reasonable men, we are not to exact mathematical certainty, nor to expect more than moral demonstration.' Was there the evidence in this case, taking the same to be true as found by the jury, sufficient to repel the legal presumption of payment? If the defendant in 1841, and again in 1851, admitted that the debt had not been paid, were not these admissions, against his interest, sufficient to produce moral conviction of the fact in the minds of reasonable men? And does it detract from their force and weight that the defendant, at the same time, declared it to be his intention not to pay the debt? Does it not rather add a greater efficacy to their force and power to produce conviction, than they would otherwise have had? There can be no doubt that the evidence in this case, if believed by the jury, was sufficient to repel the presumption of payment. Upon evidence given by the defendant in McQuesney v. Heister, similar in some respects to that given by the plaintiff in this case, where twenty-eight years of ground-rent were sought to be recovered, the court ruled as matter of law, without submitting the question to the jury, that the great lapse of time was accounted for, and that no legal presumption of payment arose. Here the jury have found, notwithstanding the lapse of more than twenty years from the maturity of the debt, that it has not been paid, and, as the authorities clearly show, upon evidence sufficient to repel the presumption of payment. Let judgment be entered on the reserved question in favour of the plaintiff for the amount found by the jury, on payment of the verdict fee."

Which was the error assigned.

10 Wr.—16

*S. A. & W. S. Purviance,* for plaintiff in error.

*C. W. Robb,* with whom were *Hamilton & Acheson,* for defendant.

The opinion of the court was delivered by

STRONG, J.—That presumption which the law raises after the lapse of twenty years, that a bond or specialty has been paid, is in its nature essentially different from the bar interposed by the Statute of Limitations to the recovery of a simple contract debt. The latter is a prohibition of the action, the former, *primâ facie,* obliterates the debt. The bar is removed by nothing less than a new promise to pay, or an acknowledgment consistent with such a promise. The presumption is rebutted, or, to speak more accurately, does not arise where there is affirmative proof beyond that furnished by the specialty itself, that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor. The statutory bar is not removed without a new promise, or its equivalent, because suit on the old contract is prohibited, and the debtor can only be liable, therefore, on the contract expressly made by the new promise, or implied from an acknowledgment of continued indebtedness, the old debt being the consideration for the new engagement. This is the logic of the matter, though it is true the pleadings have not been moulded accordingly. We still declare on the old debt, and give the new promise in evidence ; but notwithstanding this incongruity, the liability which the law enforces arises out of the new contract. This view of the subject is clearly drawn by Chief Justice Gibson, in the case of *Fritz v.* Thomas, 1 Whart. 66. Nobody doubts that the creditor might count on the new promise, setting forth the old debt as its consideration, as is done to recover a debt discharged by a decree in bankruptcy, but which the debtor has subsequently promised to pay. Logically he should do so. But in case of a bond or other specialty, suit can be brought only upon the instrument of original indebtedness. The liability of the debtor does not grow out of a new promise or acknowledgment, and of course a new promise is not needed. The Statute of Limitations is a bar, whether the debt is paid or not. Not so where suit is brought on a sealed instrument. The fact of indebtedness is then in controversy, and the legal presumption of payment from lapse of time is nothing more than a transfer of the onus of proof from the debtor to the creditor. Within twenty years the law presumes the debt has remained unpaid, and throws the burden of proving payment upon the debtor. After twenty years the creditor is bound to show, by something more than his bond, that the debt has not been paid, and this he may do, because the presumption raises

[Reed v. Reed.]

only a *primâ facie* case against him. It must be borne in mind that the presumption from lapse of time is not that there is no contract existing between the parties. If it were, proof of a new contract might be necessary. It is only an inference that the debtor has done something to discharge the debt, to wit, that he has made payment. Hence it is rebutted by simple proof that payment has not been made. And the facts being established, whether they are sufficient to rebut it, is a question for the court, and not the jury. The presumption is one drawn by the law itself from a given state of facts, and whether it exists or not, is necessarily for the court. If authority is needed for so plain a proposition, it may be found in Delany *v.* Robinson, 2 Whart. 503, where it was squarely so decided.

The case in hand was ruled in accordance with these principles, and no error was committed. The defendant in 1841 and 1851 (both within twenty years) admitted distinctly that the debt had not been paid. It would be absurd for the law to presume in the face of such admissions that it had been. All presumptions are in accordance with what is usual, not against it. True, the defendant added to his admissions the expression of a purpose not to pay, giving as a reason not that he had paid, but that the plaintiff had obtained more than he had under the will of their common father. This might be important, if it was necessary to show that a new obligation had been assumed, but it only strengthens, if possible, the evidence that the debt remained unpaid. In Stout *v.* Levan, 3 Barr 235, where the defendants sought shelter under this presumption, it was proved he had admitted the bond was not paid, but at the same time said he had a defence to it. This was held sufficient to remove the presumption. That case is directly against the plaintiff in error.

The judgment is affirmed.