## Lash *versus* Von Neida.
## Same *versus* Same.
## In re Petition of Vanderslice

109　207
121　624
121　645
121　653
109　207
208　¹567

1. The common law presumption of payment, which arises after twenty years, applies to all obligations, whether under seal or otherwise; and until such presumption is rebutted, a bond does not even furnish prima facie evidence of indebtedness.

2. Where, after the presumption has attached, suit is brought on a bond on which credits for principal or interest are indorsed purporting to have been made by the obligee within twenty years, the burden of proof rests on the plaintiff to show affirmatively that such credits were

[Lash *v.* Von Neida.]

in fact made while it was against the interest of the obligee to make them, viz. : before the presumption of payment had ripened.

3. While the allowing of a supplemental affidavit of defence lies in the discretion of the court, yet when such an affidavit is allowed, reasonable time must be given for its preparation.

March 4th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

WRITS OF ERROR to the Court of Common Pleas of *Berks county* :   Of January Term 1885, Nos. 245, 247, 246.

Debt, by Simon P. Von Neida, administrator of Thomas Vanderslice, deceased, against Isaac R. Lash, upon a bond given by defendant to decedent dated June 21st, 1854, for the payment of $1,000, on April 1st, 1855.   Upon this bond were indorsements of payments of interest from time to time up to 1882, in the handwriting of Thomas Vanderslice, and signed by him.

Debt, by same against same, upon a note under seal dated April 1st, 1868, for $690, payable one day. after date, with payment of $80 indorsed by said Thomas Vanderslice, December 4th, 1874.

Petition, under rule of court, by Sarah Vanderslice, surviving executrix of William Vanderslice, deceased, to enter judgment upon bond and warrant of attorney given by Isaac R. Lash, dated April 1st, 1854, for $1,000 on April 1st, 1855, with interest paid up to March 3d, 1882, and indorsed thereon.

Affidavits of defence in the first two and an answer in the last of these suits were filed, setting out in each case that the claims were fully paid and satisfied.

On the argument of the rules for judgment on Monday, April 7th, 1884, before SASSAMAN, J., the court was of the opinion that the indorsement of payments of interest in the handwriting of and signed by the obligee rebutted the presumption of payment ; and that the affidavits were vague and insufficient.

Defendant's counsel then asked leave to file supplemental affidavits of defence.   To this request his honor replied : " If you hand me the supplemental affidavits at any time before I dispose of these cases I will consider them along with the original affidavits."   The court was then adjourned to the following Saturday, April 12th.   On that day (April 12th), supplemental affidavits and a supplemental answer were filed ; but the defendant's counsel then learned that opinions in the cases had been filed by the judge in the prothonotary's office on the preceding Wednesday, and judgments had been en-

[Lash v. Von Neida.]

tered in favor of the plaintiff for want of sufficient affidavits of defence.

Defendant's counsel then obtained rules to show cause why said judgments should not be opened, which rules after argument were discharged in the following opinion by SASSA-MAN, J.:

" The judgments were entered on the opinions of the court filed in these cases for want of sufficient answer and for want of sufficient affidavits of defence. On rules for judgment the cases were argued, and after argument the judge took the papers in each case for the purpose of filing opinions, at the same time announcing what the judgments would be. Whereupon counsel for defendant offered to file supplemental answer and affidavits of defence, which the court said would be considered if handed in before the cases were disposed of. The rules for judgment in this court are always first disposed of, unless they seem more than ordinarily difficult. These cases seemed clear to the court at the argument, but the papers at argument were taken to file opinions.

" Within a few days after filing these opinions—not more than several weeks later—this petition was presented and rule granted to show cause why the judgments should not be opened, and also what purported to be supplemental affidavits, were filed. The supplemental affidavits are ex parte affidavits after the judgment. On these the judgment would not be opened, for they are only the sworn statements of the defendant with corroboration. He himself on a trial before a jury could not testify as to the business transactions between himself and the plaintiff's decedent. In the petition there is a sworn statement as to the declarations of the defendant which amounts only to the same effect as his affidavit, and no more. So that affidavits or declarations made by the defendant would do him no good as matter of defence. When he made his affidavits of defence, he said the Vanderslice obligations were all paid. When at the argument on rule it was said that an allegation of payment in an affidavit of defence, would have only the same effect as a plea of payment in bar, it was seriously argued that a presumption of payment arising by limitation apparent from the face of the writing obligatory, regardless of the indorsements of mesne payment, would amount to payment, especially if the indorsements were made in the handwriting of the payee or obligee. To this doctrine we could not and did not subscribe, because mere presumptions are very easily rebutted, and it may be by slight evidence and because it was in the knowledge of the defendant, and therefore in his power to demand, when it was his day in court, to have denied everything and asserted specifically by

13 OUTERBRIDGE—14

his affidavit every fact that was necessary to induce this court, and to make it the duty of this court, to discharge the rule for judgment. If the specific facts necessary to be alleged to defeat these claims existed in the possibility of legal proof, it was his privilege to assert it under oath, and on a new rule for judgment such sworn affidavit would have been taken as verity.

"On a rule to open judgment we require more from the party who seeks relief, than we do from a defendant under a rule for judgment for want of a sufficient affidavit of defence, when the court is satisfied after the assertion of facts which he either alleges of his own knowledge to be true or declares of those, for which he must rely on, the knowledge of others, that he believes he can prove them at the trial of the cause. The rule to open judgment is based on a sworn petition which alleges a state of facts which in all good conscience there ought to be relief, and on such a petition the rule to show cause is always granted as a matter of course. Pending this rule, the burden is however always upon the petitioner. This petition and affidavit thereto are merely regarded exparte, but sufficient to warrant the rule. This rule he must follow up with depositions, which, upon competent evidence produced, warrants the court to open the judgment and let him into a defence. In fact the ground of defence established by the depositions should be sufficient to make out a *prima facie* case on his part, to submit to the jury. The taking of depositions to the attainment of this end must be so taken upon examination and cross-examination subject to all the rules of evidence necessary to be observed in the trial of every cause in court.

"These formalities are all necessary to be observed, otherwise, defendants could lie by and slowly await their chances, and use all the means and contrivances intended for the attainment of justice and the prevention of wrong, to produce the diametrically opposite effect, until creditors and even judgment creditors would be so thwarted by tricks or delays, that they would be better off to abandon their rights and their claims against debtors. There were no depositions taken to sustain these rules.

"These rules are discharged."

Thereupon the defendant took these writs of error, assigning for error the action of the court and the said judgments.

*Richmond L. Jones*, for the plaintiff in error.

*Daniel & James N. Ermentrout*, for the defendant in error.

[Lash v. Von Neida.]

Mr. Justice PAXSON delivered the opinions of the Court April 6, 1885.

## LASH v. VON NEIDA, No. 245.

Judgment was entered against the defendant below for want of a sufficient affidavit of defence. The bond upon which suit was brought was dated in 1854. The copy filed had various payments indorsed thereon commencing in 1855 and ending in 1882. The credits are no part of the bond and are not evidence of such payments until proved. Before they can have any force to rebut the presumption of payment which arises after the lapse of twenty years, it must be proved that they were made when it was against the interest of the obligee to make them: *i. e.* before the presumption of payment had ripened: Addams v. Seitzinger, 1 W. & S., 243; Cremer's Estate, 5 Id. 331; Shaffer v. Shaffer, 5 Wright, 51. As the plaintiff below was not entitled to judgment until the presumption was rebutted, it was of little consequence what the affadavit of defence contained. A mere suggestion setting up the presumption was sufficient.

Judgment reversed and a procedendo awarded.

## IN RE PETITION OF SARAH VANDERSLICE, NO. 246.

This judgment was entered upon a warrant of attorney dated in 1854. The bond was between the same parties as in Lash v. Von Neida, just decided. There were indorsements upon the bond of payments of interest as in that case. No judgment by warrant of attorney or otherwise can be entered upon a bond after the presumption of payment has attached, until that presumption has been in some way rebutted. The reason is that in such case the bond does not even furnish *prima facie* evidence of indebtedness. It is not needed to cite authority for so plain a proposition. After twenty years a presumption of payment arises as to every instrument, whether under seal or otherwise. It is a presumption of fact, however, and may be rebutted. Has this presumption been so rebutted as to justify the entering of the judgment?

The bond was given to Thomas Vanderslice, executor of Wm. Vanderslice, deceased, and the judgment was entered in the name of the administrator of the latter. A petition was presented to the court below by Sarah Vanderslice, who avers that she is co-executor with Thomas Vanderslice of Wm. Vanderslice; that Thomas Vanderslice is now deceased; that one Isaac R. Lash, who is still living, executed a judgment bond . . . . in the sum of $2000, conditioned for the payment of $1000 with interest; that interest was paid thereon at vari-

ous times, and payments were made as in said bond and warrent is set forth; that the money is unpaid upon said bond and warrant, &c. It was upon this affidavit that the rule to show cause why judgment should not be entered upon the warrant of attorney was based, and which rule the court below made absolute.

The affidavit is vague. It was made by a person not a party to the bond, and who for aught that appears never had the possession of it. She does not say that the credits upon the bond were placed there by the obligee before the presumption of payments had ripened, nor does she say that any of the said payments were made by the obligor. Much is left to inference where we should have had specific averments. If however we concede the sufficiency of the affidavit we are of opinion that the judgment was improperly entered for other reasons.

The defendant below put in an answer to the rule in which he averred " that the bond, to which said warrant of attorney is attached, has been paid." This certainly is not specific, and it is not too much to say that, as an affidavit of defence in an ordinary case it would have been insufficient. But the bond was about thirty years old, and in view of the vague character of the petition, the defendants' counsel may well have been misled into believing that the same strictness of averment was not necessary when the *prima facies* of plaintiff's case was destroyed by the presumption of payment. Upon the argument of the rule in the court below he asked leave of court to file a supplemental affidavit of defence. To this application the court responded that a supplemental affidavit would be considered if received before the entry of judgment, and then adjourned the court until the following Saturday. This was on Monday. A supplemental affidavit was prepared and sworn to and taken into court on Saturday for the purpose of filing, when the counsel ascertained that the judge had filed his opinion making the rule absolute on the preceding Wednesday. The supplemental affidavit is full and complete, and if filed in time was sufficient to bar judgment.

We are aware that it is within the discretion of the judge below to allow a supplemental affidavit of defence to be filed, and had leave to file it in this case been refused at the time it was asked for, we would have had another question before us. We will dispose of the one we have. The discretion referred to is one that should be exercised discreetly and in the interests of a just administration of the law. To refuse it in many instances might result in oppression and a denial of just rights.

The learned judge having granted leave to file a supplemental affidavit ought to have allowed a reasonable time to

[Lash *v.* Von Neida.]

prepare it. It was promptly done and taken into court on the following Saturday. The rule had been made absolute three days before. Promptness is always commendable in judicial proceedings, but the interests of justice must not be sacrificed to speed. Here was a case of a bond and warrant about thirty years old; if the answer was not specific the petition was also vague, and if more time—a reasonable time—was required to prepare a fuller answer it should have been allowed in view of an allegation that the proper facts existed upon which to base it. Where a party is called upon to meet a claim as stale as this, and asks for time, at most a few days, he ought to have it. The language of this court in Lord *v.* Ocean Bank, 8 H., 384, is not inapplicable here: "Let the defendant satisfy the court that he has made diligent effort to inform himself, or that he has failed by no fault or laches of his own, and we can venture to assure him that he will have as much time to file an affidavit of defence as is reasonably necessary."

The court below having, in a case where a supplemental affidavit of defence was eminently proper, assented to the consideration thereof in case it was presented before final action upon the rule, we are of opinion it was error to make this rule absolute without giving a reasonable time to prepare and file it. And as the supplemental affidavit itself is a full answer to the rule, we have no hesitation in reversing the judgment.

Judgment reversed.

### LASH *v.* VON NEIDA, No. 247.

In this case the presumption of payment did not arise, as the suit was brought upon a bill single dated in 1868. It is ruled, however, by the case, "In Re petition of Sarah Vanderslice" just decided, where it was held that a reasonable time should have been allowed to have filed a supplemental affidavit of defence. That case is upon all fours with this upon that point and we need not repeat what was there said. As the supplemental affidavit which was prepared and ought to have been received, sets out a defence, this case must be reversed and sent to a jury.

Judgment reversed, and a procedendo awarded.