# Fidelity Title & Trust Company, Appellant, *v.* Chapman.

*Payment—Presumption of payment—Evidence.*

1. The presumption of payment of a debt secured by a specialty runs from the time the debt is demandable, and, with nothing appearing on the face of the instrument showing that during the twenty years following its maturity the debtor had paid anything on account or done anything in acknowledgment of the continuing existence of the debt, it is presumed to have been paid after the twenty years have passed by.

2. While the presumption of payment after the lapse of twenty years may be rebutted, the evidence to rebut it must be satisfactory and convincing, and this is especially so when the suit is not brought until after the debtor's death.

3. Whether certain facts relied upon to rebut the presumption of payment are true is a question of fact for the jury, but whether, if true, they are sufficient to rebut, is for the court.

4. A mortgage made by a mother to a son payable in five years with the privilege of paying the debt within the five years will, after the expiration of more than twenty-six years after the mortgage had been given, and twenty-three years after the death of the mother, be presumed to have been paid at some time within the five years before the maturity of the mortgage; and this presumption is greatly, if not conclusively, strengthened by the fact that in the account filed by the mother's administrator no credit was taken for the payment of the mortgage, and it is not even mentioned; and by the further fact that neither the mortgage nor bond appeared among the effects of the son turned over to his committee in lunacy nearly a year after his mother's death.

Argued Oct. 19, 1909. Appeal, No. 39, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1906, No. 327, for defendant non obstante veredicto in case of Fidelity Title & Trust Company, Executor of the last will and testament of John W. Benson, deceased, v. Thomas H. Chapman, Administrator d. b. n. c. t. a. of Ann K. Benson, deceased, with notice to John A. Ganter, terre-tenant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage. Before FRAZER, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*J. C. Boyer*, with him *T. C. Jones*, for appellant.—It will never be presumed that a debt was paid before it became due. In other words, the presumption of payment will never begin to run until the maturity of the obligation, the time when payment may be demanded: Eby v. Eby, 5 Pa. 435; Strohm's App., 23 Pa. 351; Com. v. Snyder, 62 Pa. 153.

Want of demand for twenty years and upwards has been held to raise a presumption of payment. It has not been held in any case, that this is a presumption which cannot be overcome by proof: Reed v. Reed, 46 Pa. 239; McQuesney v. Hiesster, 33 Pa. 435.

*W. H. S. Thomson*, with him *Frank Thomson*, for appellee, cited: Galbraith v. Galbraith, 6 Watts, 112; Summerville v. Holliday, 1 Watts, 507; Gregory v. Com., 121 Pa. 611; Porter v. Nelson's Executor, 121 Pa. 628.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

On May 26, 1879, Ann K. Benson executed the mortgage in suit. It was given to her son, John W. Benson, to secure to him the payment of $1,000 "within five years from the 1st day of May, 1879, with interest thereon from that day, payable annually." The mortgagor died January 11, 1883, leaving a will, in which she appointed her said son executor and devised the mortgaged premises to him for life. On August 29, 1883, by a decree of the court of common pleas No. 1 of the county of Allegheny, he was restrained from disposing of or intermeddling with his own estate or that of his deceased mother, and subsequently, on October 25 of the same year, was adjudged by that court an habitual drunkard, and Wil-

liam A. Herron was appointed his committee. On August 22, 1885, Benson was removed as executor of his mother's estate and Thomas H. Chapman appointed administrator d. b. n. c. t. a. in his place. Upon the death of William A. Herron his son, John W. Herron, was appointed committee of Benson and continued to act as such until the latter's death, which occurred May 27, 1904. This sci. fa. was issued January 25, 1906, more than twenty-six years after the mortgage had been given and more than twenty-one years after the expiration of the time when the debt secured by it was demandable, and it was issued only when the appellant was compelled to issue it by the present owner of the mortgaged premises in a proceeding instituted by him under the Act of May 8, 1895, P. L. 44.

The presumption of payment of a debt secured by a specialty runs from the time the debt is demandable, and, with nothing appearing on the face of the instrument showing that during the twenty years following its maturity the debtor had paid anything on account or done anything in acknowledgment of the continuing existence of the debt, it is presumed to have been paid after the twenty years have passed by. This presumption, in the nature of a receipt written by the hand of time, may, however, be overcome by affirmative proof that the debt, as a matter of fact, has not been paid, and when the presumption is overcome the liability of the debtor continues. In this respect presumption of payment differs from the statute of limitations. The latter is an absolute bar to an action on a simple contract, even if the debt remains unpaid, and that bar is removed only by a new promise to pay or by an acknowledgment of the debt consistent with a promise to pay: Reed v. Reed, 46 Pa. 239. But, while the presumption of payment after the lapse of twenty years may be rebutted, the evidence to rebut it must be satisfactory and convincing, and this is especially so when the suit is not brought until after the debtor's death: Gregory v. Com., 121 Pa. 611. Whether certain facts relied upon to rebut the presumption are true is a question of fact for the jury, but whether if true, they are sufficient to rebut is for the court: Beale's Exrs. v. Kirk's Admr., 84 Pa. 415; Peter's App., 106 Pa. 340; Porter v. Nelson, 121

Pa. 628. With this rule before it, the court below would have erred in entering judgment for the plaintiff on the verdict.

Even if the testimony was sufficient to show that there had been no payment of the mortgage between August 29, 1883, the date of the order restraining Benson from disposing of or intermeddling with his own estate or that of his mother, and January 25, 1906, the day on which the sci. fa. was issued, more was required of the appellant, and the learned court properly so held. While the debt secured by the mortgage was not due and demandable until May 1, 1884, there was a provision in the instrument which gave to the mortgagor the privilege of paying the debt at any time within five years from May 1, 1879. She lived for nearly four years after that date, and, after nearly twenty-six years had expired before any effort was made to collect the mortgage, and then made by compulsion at the instance of the landowner, it is to be presumed that she exercised the privilege to pay before the maturity of the mortgage. This presumption is greatly, if not conclusively, strengthened by two undisputed facts in the case. In the account filed by her administrator no credit is taken for the payment of this obligation, and it is not even mentioned. Neither the mortgage nor the accompanying bond appeared among the effects of John W. Benson turned over to his committee nearly a year after his mother's death. The representative of the first estate did not regard it as a liability, and the committee of the son did not consider it an asset. Still more significant is the fact that on the trial neither the bond nor mortgage was produced by the appellant. As there was no evidence to show that during the three years and eight months intervening between the date of the mortgage and the death of Mrs. Benson she had not paid it in the exercise of her privilege to do so, the presumption is that she had paid it, and the plaintiff is, therefore, not entitled to recover.

Judgment affirmed.