# Coleman v. Erie Trust Company, Administrator, Appellant.

*Judgments—Presumption of payment—Evidence to rebut presumption.*

1. The presumption, arising from lapse of time, that a judgment has been paid, is not conclusive, but is merely a presumption of fact which is rebuttable.   The presumption does not arise where there is affirmative proof that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditors.

2. A son recovered a judgment against his father in New Jersey in 1893.   The father removed from the state in 1899 and did not return prior to his death, which occurred in 1913.   In an action on the judgment it appeared that by the law of New Jersey an action may be brought upon a judgment within twenty years after the date of such judgment, but that if the defendant removes from the state after judgment is obtained, the time during which he is absent is not to be computed as part of the limited period in which action may be brought.   The defendant relied upon the presumption of payment.   The plaintiff testified that the debt had never been paid, and such fact was undisputed.   It further appeared that the debtor was the father of the creditor, that the former had been for years in straitened circumstances, and that he had but a small income which would have been seriously disturbed had the

payment of the judgment been pressed. *Held,* that the plaintiff was entitled to binding instructions in his favor.

Argued April 26, 1916. Appeal, No. 142, Jan. T., 1916, by defendant, from judgment of C. P. Erie Co., Sept T., 1914, No. 255, on verdict for plaintiff, in case of J. Warren Coleman, Jr., v. Erie Trust Company, Administrator d. b. n. c. t. a. of the Estate of J. Warren Coleman, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a judgment recovered against defendant's decedent in New Jersey. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Directed verdict for plaintiff for $2,394.90 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury and answers to points.

*Lyman C. Shreve,* with him *Milton W. Shreve* and *John R. Haughney,* for appellant.—The circumstances did not rebut the presumption of payment and the case was, therefore, for the jury: Moore v. Smith, 81 Pa. 182; Hess v. Frankenfield, 106 Pa. 440; Woodward v. Carson, 208 Pa. 144; Reed v. Reed, 46 Pa. 239; Stelzer v. Stelzer, 10 Pa. Superior Ct. 310; Maynes v. Atwater, 88 Pa. 496; Diamond v. Tobias, 12 Pa. 312; Webb v. Dean, 21 Pa. 29; Hughes v. Hughes, 54 Pa. 240; Briggs' App., 93 Pa. 485; Gregory's Exrs. v. Com., 121 Pa. 611; Brubaker's Adm. v. Taylor, 76 Pa. 83; Babcock v. Day, 104 Pa. 4; Grauel v. Wolfe, 185 Pa. 83; Cake's App., 110 Pa. 65; Milligan's App., 97 Pa. 525; Moore's Est.; McClure's App. 12 Pa. Superior Ct. 599; McIldowney v. Williams, 28 Pa. 492; Thomas v. Thomas, 21 Pa. 315.

*T. A. Lamb,* for appellee.—The evidence was sufficiently clear to rebut the presumption of payment:

Peters' App., 106 Pa. 340; Beale's Executors v. Kirk's
Administrator, 84 Pa. 415.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This is an action brought by J. Warren Coleman, Jr.,
against the Erie Trust Company, administrator of J..
Warren Coleman, deceased, the father of the plaintiff.
It appears that in 1893, in the State of New Jersey, plain-
tiff obtained a judgment against his father, in the sum of
$1,250. It was admitted upon the trial of this case, that
the defendant in the judgment left the State of New
Jersey in 1899, and continued to live outside the limits
of that state until his death in 1913. It also appeared
from the evidence that judgments in any court of record
in New Jersey may be revived by scire facias, or an
action of debt may be brought thereon, within twenty
years after the date of such judgment. But if the de-
fendant removed from the state after judgment obtained,
the time during which he was absent is not to be computed
as part of the limited period in which action may be
brought. When, therefore, after the death of his father,
the plaintiff brought this action against the adminis-
trator, upon the judgment, to recover the balance due
thereon, with interest, it is clear that his right of action
was not barred by lapse of time. The defendant, how-
ever, relied upon the presumption of payment, arising
from lapse of time, and upon certain declarations made
by the plaintiff as to the judgment having been satisfied.
In three letters to his brother-in-law and his sister, he
referred to the judgment as being of no value and as
having been satisfied. But on the trial he testified that
he had been misled as to this, and that the attorney, who
informed him that the claim was barred by the statute of
limitations, had overlooked the fact that his father had
removed from the State of New Jersey. The presump-
tion of payment arising from lapse of time is not conclu-
sive, but is merely a presumption of fact which is rebut-
table. "The presumption is rebutted, or, to speak more

accurately, does not arise, when there is affirmative proof ......that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor": Reed v. Reed, 46 Pa. 239, 242. Further on in the same opinion Mr. Justice STRONG said, presumption from lapse of time, "is only an inference that the debtor has done something to discharge the debt, to wit, that he has made payment. Hence it is rebutted by simple proof that payment has not been made. And the facts being established, whether they are sufficient to rebut it, is a question for the court, and not for the jury." In this instance there was affirmative proof that the judgment had not been paid, in the positive testimony of the plaintiff to that effect. The facts were not in dispute, and it was, therefore, for the court to say whether or not the judgment was a valid claim. In addition to the affirmative proof that the debt had not been paid, the circumstances shown were such as to reasonably account for the delay. It appeared that the debtor was for years in straitened financial circumstances, and had but a small income, which would have been seriously disturbed had payment of the judgment been pressed. The relationship of father and son between the defendant and plaintiff was also a sufficient and natural reason for the delay of the latter in enforcing payment. We agree with the conclusion of the court below that the evidence clearly rebutted any presumption of payment that may have arisen, and that binding instructions in favor of the plaintiff were proper.

The assignments of error are overruled, and the judgment is affirmed.