### STATLER v. BABCOCK et al.

#### Civ. A. No. 5220.

District Court, W. D. Pennsylvania.
April 15, 1946.

58

John C. Graham, of Butler, Pa., for plaintiff.

Harvey A. Miller and William H. Eckert, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This action is before us on defendants' motion to dismiss the action under Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There are two actions pending in this court by the same plaintiff against the same defendants: the above action and another at No. 5125, in which the facts alleged are substantially the same. Two other actions by the same plaintiff against the same defendants were voluntarily dismissed on behalf of the plaintiff.

The complaint in this action does not comply, in many respects, with the Federal Rules of Civil Procedure.

It appears from the complaint that Daniel Holsopple was the owner, at his death in 1895, of the tract of land involved in this action; that defendants are charged with having trespassed on said land and having cut and removed timber thereon, etc., in 1905 and 1906; that the heirs of Daniel Holsopple conveyed to the plaintiff said tract of land in 1940 and that this action is brought to recover damages in the amount of $2,662,947.

Defendants filed their motion to dismiss under Rule 12(b), aforesaid, for the general reason that the complaint fails to state a claim upon which relief can be granted, and also, for a number of specific reasons stated therein.

Defendants contend that the complaint fails to state a claim upon which relief can be granted because the captain of this action does not include all the parties, nor does the complaint include all the parties who should be parties plaintiff. Rule 10(a) provides that "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, etc." The caption names as plaintiff, "George Statler, Trustee." In the copy of the deed upon which plaintiff relies, attached to the complaint, the name of the grantee appears as "George Statler, Trustee", with all rights and power for twelve persons named and which are designated as being children and grandchildren of George Statler, trustee. The deed purports to convey certain land therein described, which is alleged to include the tract in suit; and in the deed it is also stated, "The said grantee, party of the Second Part, to have and to hold the said pieces of land hereinbefore described with all the hereditaments, appurtenances, rights, etc. forever." It is also stated in said deed, as to the conveyance, the following: "Together with all of the rights, claims and demands of every kind, character and description rents, profits, and accumulations incomes arising and accrued or have accrued thereto or therefrom since the filing and approval of the Final Report of the Executor of Daniel Holsopple, deceased, in Somerset County, Pennsylvania." It does not appear from the specific language used, or from the general language

of the deed, that a conveyance was made of the right to damages for prior trespasses to the land described in this action. By reason of the failure to convey damages for the alleged trespasses to plaintiff, and also, by reason of the failure of the plaintiff to join as parties plaintiff the other persons named as beneficiaries in said deed, I conclude that plaintiff has failed to state a claim upon which relief can be granted to him.

Defendants also contend that the complaint, on its face, shows plaintiff is barred by the statute of limitations and by laches. In Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa., 47 F.Supp. 711, 714, Judge Schoonmaker stated:

"The defendant asserts that laches and the statute of limitations are affirmative defenses under Rule 8(c) of the Rules of Civil Procedure and may not be raised by a motion to strike. While it is true that this rule provides: 'In pleading to a preceding pleading, a party shall set forth affirmatively * * * laches, * * * statute of limitations * * *,' Rule 9(f) provides: Rule 9(f). 'Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.'

"It thus appears to us that where the allegations of time and place are averred in a pleading, whether a claim is barred by the statutes of limitations or laches may be determined on a motion to dismiss."

A similar ruling was made by this court in an opinion by Judge Schoonmaker in Cramer, Administratrix v. The Aluminum Cooking Utensil Co., D.C., 1 F.R.D. 741. The following cases support the ruling made by this court: A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472; Wright v. Bankers Service Corporation et al., D.C.S.D.Cal. 39 F.Supp. 980; Wilson et al. v. Shores-Mueller Co. et al., D.C.N.D.Iowa, 40 F.Supp. 729; Abram et al. v. San Joaquin Cotton Oil Co., D.C.S.D.Cal., 46 F.Supp. 969; Gossard v. Gossard, 10 Cir., 149 F.2d 111; Berry et al. v. Chrysler Corporation, 6 Cir., 150 F.2d 1002.

In Pennsylvania the limitation for actions of trespass quare clausum fregit is three years after the cause of action has arisen. 12 P.S. § 31. In 37 C.J. 96, section 350, it is stated: "mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, but the statute will run from the time the cause of action first accrues notwithstanding such ignorance. The reason of the rule seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault."

To the same effect, Harper v. Harper, 4 Cir., 252 F. 39, 43; Clapp v. Leavens et al., 8 Cir., 164 F. 318, 321; Hays v. Port of Seattle et al., 251 U. S. 233, 238, 40 S.Ct. 125, 64 L.Ed. 243. See also the following laches cases: Hayes' Appeal, 113 Pa. 380, 386, 6 A. 144; Ames v. Hillside Coal & Iron Co., 314 Pa. 267, 272, 171 A. 610; Kinter v. Commonwealth Trust Co., Ex'r, et al., 274 Pa. 436, 118 A. 392.

From the facts averred, it appears that the trespass or trespasses alleged in this action were barred many years before the action was brought, and also, that plaintiff was guilty of laches.

The cause of action, if any, of plaintiff was not tolled by fraud. Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." See In re Burton Coal Co. et al., D.C.N.D.Ill., 57 F.Supp. 361, 363; Yuen Boo Ming v. United States, 9 Cir., 103 F.2d 355, 356; Blakeslee v. Wallace, 6 Cir., 45 F.2d 347.

Plaintiff has not complied with Rule 9(b) nor has he alleged circumstances which, if true, would bar the running of the statute of limitations or make him free from the charge of laches.

I conclude that the motion of defendants to dismiss should be granted.