Corn, Appellant, *v.* Wilson et al., Trustees et al.

Argued May 24, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Archibald M. Matthews,* with him *A. H. Kaufman* and *Joseph N. Cascio,* for appellant.

*Frank R. Coder,* with him *Frank Coder, Jr.,* for appellees.

OPINION BY MR. JUSTICE BELL, September 25, 1950:

A. E. Corn, who became the owner of a mortgage on certain coal land by Assignment dated September 25, 1947, brought an action of scire facias sur mortgage on June 4, 1948. The mortgage was dated October 1, 1920. The defense was payment, which in turn was based upon a presumption of payment arising after the lapse of more than 20 years. The court entered a nonsuit and Corn appealed from the court's order discharging a rule to take off the nonsuit.

W. G. Wilson, J. D. Keiper, both long since dead, and Ira F. Link, Trustees for the Rowena Coal Company, executed and delivered their bond and accompany-

ing mortgage dated October 1, 1920, to David Ott in the amount of $93,333.36, conditioned for the payment of $46,666.68, with interest payable in annual instalments of principal and interest from January 1, 1921 to October 1, 1926, with the proviso that in case of default of any instalment of debt or interest the whole of said debt and interest shall, at the option of the mortgagee or assigns, become due and payable.

On March 10, 1925, Ott assigned said mortgage to the Johnstown Trust Company as collateral security for his note of $30,000., dated October 1, 1929, (evidently a renewal note), which note recited "Assignment of Mtg. of W. G. Wilson, I. F. Link, J. D. Keiper for $27,880.00 and int. from Oct. 1-1923". On the back of said note appeared the following endorsements: "Paid on interest Jan. 2, 1930 $450.00 to Jan. 1, 1930. Apr. 1, 1930 $450.00 to Apr. 1, 1930. July 3, 1930 $450.00 to July 1, 1930. May 23, 1931."

Liquidating Trustees apparently took possession of Johnstown Trust Company May 2, 1934 to September 25, 1947. The Liquidating Trustees, by Carl E. Resley, Attorney-in-fact, assigned said note of Ott and said mortgage to A. E. Corn on September 25, 1947.

There was no evidence of any demand for payment or of any effort to collect the mortgage by Ott, the original mortgagee, or by the Johnstown Trust Company or by the Liquidating Trustees of the Johnstown Trust Company; and there was no evidence of insolvency of the debtors. Plaintiff, in order to rebut the presumption of payment testified that no payment on said mortgage had been made to him since it was assigned to him on September 25, 1947, which of course was more than 20 years after the maturity of the mortgage.

Ira F. Link, the only surviving original mortgagor, testified that the mortgage was never paid, to his knowledge. The books and records of the Johnstown Trust

Company were not produced, having been destroyed, under a presumed Order of Court, but two bookkeepers of the Liquidating Trustees of said Trust Company testified from their recollection that said note and said mortgage were among the assets turned over to said trustees and that no payments were made upon either mortgage or note after they came into the possession of said Liquidating Trustees.

There is a long established presumption that a mortgage, as well as all evidences of debt excepted out of the Statute of Limitations, unclaimed and unrecognized for 20 years, has been paid: *Russo v. Roberts,* 331 Pa. 173, 200 A. 76; *Sheafer v. Woodside,* 257 Pa. 276, 101 A. 753; *Hayes' Appeal,* 113 Pa. 380, 6 A. 144; *Lash v. Von Neida,* 109 Pa. 207. This presumption of payment after a lapse of 20 years is a strong one and is favored in law as tending to the repose of society, the protection of the debtor, and the discouragement of stale claims: *Lefever's Estate,* 278 Pa. 196, 122 A. 273; *Kline v. Kline,* 20 Pa. 503; *Porter v. Nelson,* 121 Pa. 628, 15 A. 852; *Sheafer v. Woodside,* 257 Pa. 276, 101 A. 753.

The presumption of payment may be rebutted only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to negative the likelihood of payment and sufficiently accounting for the delay of the creditor: *Fidelity Title & Trust Co. v. Chapman,* 226 Pa. 312, 75 A. 428; *Sheafer v. Woodside,* 257 Pa. 276, 101 A. 753; *Reed v. Reed,* 46 Pa. 239; *Grenet's Estate,* 332 Pa. 111, 2 A. 2d 707; *Gregory v. Commonwealth,* 121 Pa. 611, 15 A. 452; *Porter v. Nelson,* 121 Pa. 628, 15 A. 852; *Frey's Estate,* 342 Pa. 351, 21 A. 2d 23; *Peters's Appeal,* 106 Pa. 340.

Moreover, whether the facts and evidence relied upon to rebut the presumption of payment are true is a question of fact for the jury; but whether, if true,

they are sufficient to rebut the presumption, is a question of law for the court: *Fidelity Title & Trust Co. v. Chapman*, 226 Pa. 312, 75 A. 428; *Gregory v. Commonwealth*, 121 Pa. 611, 15 A. 452; *Porter v. Nelson*, 121 Pa. 628, 15 A. 852; *Sheafer v. Woodside*, 257 Pa. 276, 101 A. 753; *Beale's Executors v. Kirk's Administrator*, 84 Pa. 415; *Peters's Appeal*, 106 Pa. 340; *Reed v. Reed*, 46 Pa. 239.

When we apply these principles to this case it is clear that the plaintiff failed to offer satisfactory and convincing evidence to rebut the presumption of payment. For example, Link's testimony that the mortgage was not paid to his knowledge is equivocal and is at least partially rebutted by the Record that shows the mortgage had been reduced by October 1, 1923 from $46,666.68 to $27,880.

Even more important is the fact that two of the three mortgagors who might have paid the mortgage did not testify because they were dead; no one testified in behalf of the Rowena Coal Company; David Ott, the original mortgagee who owned the mortgage from October 1, 1920 to March 10, 1925, did not testify because he was likewise dead; no one testified on behalf of the Johnstown Trust Company, which was the owner of the mortgage from March 10, 1925 to May 2, 1934; and the only persons testifying on behalf of the Liquidating Trustees of Johnstown Trust Company, who were the owners of the mortgage from May 2, 1934 to September 25, 1947, were two bookkeepers who testified merely from their recollection; there was no testimony as to whether the note for which the said mortgage was collateral security, was or was not paid; and finally, there was no evidence of any claim or demand within the twenty year period, and no declarations or admissions by the mortgagors or other parties in interest to rebut the presumption of payment.

In the light of this record the learned President Judge of the court below was clearly right in entering a nonsuit.

Judgment affirmed.