## Smith v. Hennessey

*Freedman, Landy & Lorry*, for plaintiff.

*M. A. Foley*, for defendants.

FLOOD, J., April 1, 1957.—The new trial is sought here chiefly on the ground that the court's charge was improper in placing too heavy a burden upon defendants Grayboyes to rebut the presumption that defendant Hennessey was their servant acting within the scope of his authority at the time of the accident. The presumption arose from the evidence that Hennessey was the Grayboyes' employe and the truck which struck plaintiff was a commercial vehicle. Their evidence was that Hennessey had no authority to drive the truck after hours, which was the time when the accident occurred.

. The court charged the jury as to the presumption that a commercial vehicle is being driven by the owners' servant, acting at the time within the scope of his authority. Then it instructed the jury that when such presumption arose, the burden was thrown upon defendants to convince the jury that the truck was not being operated by defendants' driver within the scope of his employment.

Except for a contrary suggestion in the case of Readshaw v. Montgomery, 313 Pa. 206, 208 (1933), our cases clearly have held that this is a real presumption, not merely a permissive inference. They have indicated that when this presumption is applicable, it shifts the burden of proof on this issue. See Holzheimer v. Lit Bros., 262 Pa. 150 (1918).

Defendants rely on certain dicta in the case of Watkins v. Prudential Ins. Co., 315 Pa. 497 (1934), to the effect that a presumption shifts only the burden of producing evidence, not the burden of proof. This case did not so hold, for it concluded that the presumption against suicide, there relied upon, did not exist. We have discovered no case in which this language subsequently appeared where it actually was necessary to the decision.

In the single group of cases presented to the Supreme Court since the Watkins case which actually required it to determine whether it would accept that dictum and which involved the presumption of payment after 20 years, it has said that a presumption shifts the burden of proof: Corn v. Wilson, 365 Pa. 355 (1950); Grenet's Estate, 332 Pa. 111 (1938); Obici Estate, 373 Pa. 567 (1953); McNulty v. Gen. Am. Life Ins. Co., 153 Superior Ct. 288 (1943). This presumption of payment is a strong one which is rebutted only by clear and convincing evidence, but at least it must be said that the Watkins case has made no difference at least in the case of such strong presumptions.

These cases may not be authority for the view that the Watkins dictum has been repudiated. It is quite possible that the conflicting language in the cases shows that since the Watkins decision the Supreme Court has attached different procedural consequences to different classes of presumptions. If so, then we think that the presumption of agency should be included in the category of presumptions which continue to shift the ultimate burden of proof.

This presumption is supported by two related reasons: (1) The presumption seems in accord with experience. When the facts basic to its operations are proved to exist, it usually is quite probable that the driver actually was the owner's servant and acting on the owner's business. (2) The owner of the vehicle and the driver will usually be the only persons who know the true circumstances as to scope of authority or who have real access to this information.

Therefore, if we are to serve the purposes for which this presumption exists, we should not hold that it ceases to operate when the owner has introduced evidence against it, even if sufficient to leave the jury in doubt whether the driver was acting within the scope of his authority. It should continue to operate so long as the countervailing evidence is insufficient to convince the jury by a preponderance of the evidence that the driver was not acting within the scope of his authority. On this whole subject, see the lucid and penetrating analysis of the cases by Professor Levin in his article on Pennsylvania and the Uniform Rules of Evidence: Presumptions and Dead Man Statutes, 103 U. Pa. L. Rev. 1, 12-20 (1954).

Therefore, we concluded that the trial judge's charge was not erroneous.

Defendants' motion is overruled.