## TAYLOR *v.* MEGARGEE.

1. Poverty alone will not rebut the presumption of payment of a judgment after a lapse of twenty years.
2. Proof of positive inability during the whole period would do so.

ERROR to the District Court of the city and county of Philadelphia.

*Feb.* 5.—The question here was whether the presumption of payment from lapse of time was rebutted. A judgment was recovered in 1814. The present sci. fa. issued in 1842. The plea was payment. The plaintiff, to rebut the presumption, proved insolvent discharges anterior to the recovery of the judgment; his great poverty since; payment of his funeral expenses by others, &c. The only part of the charge of Stroud, J., which appeared on the record, was the answers to defendant's points, which, so far as were decided, were :—

1. That the continued poverty of the defendant alone is insufficient to rebut this presumption of payment, without proof of demand of payment, or some effort made by the plaintiff to collect the debt.

Ans.—" This is not correct."

2. That even if the jury believe that the original defendant was insolvent, yet in the present case there is a presumption that his debts have been paid, arising from the lapse of time, (26 years.)

Ans.—" I cannot give this instruction."

3. That the length of time which elapsed from the death of the defendant in the original judgment, before the issuing of the present scire

facias, being more than fourteen years, bars the plaintiff's right of recovery, under the provisions of the act of 4th April, 1797.

Ans.—" I decline giving this instruction."

These constitute the three last exceptions. It was said the charge explained these points, but was accidentally lost.

*J. P. Montgomery* and *J. Todd*, for plaintiffs.—The question is an open one in Pennsylvania. The presumption is twofold, first of payment, second of a release. But mere poverty, however great, never has been held sufficient to rebut the first of these. In Whilaume *v.* Gorges, 1 Camp. 217, there was a trust for creditors of an absconding debtor living under a feigned name, and the belief of his friends of his inability, and this was not considered sufficient. So it is said in Burn *v.* Freer, 2 Moll. C. R. 171, 176, 178, to prevail in case of rich and poor. Many other cases are to the same effect. 5 Verm. 236; 14 Serg. & Rawle, 22; Lewis *v.* Van Buskirk, 7 Watts & Serg. 75; 2 Watts, 213, 215, 217; 1 Yeates, 344; Sailor *v.* Hertzogg, 4 Whart. 298, case of a discharged insolvent.

*Oakford* and *Kennedy*, for defendant.—The charge is not fairly on the record, but even the point stated must be taken with the evidence, which showed positive inability. This, like any other *circumstance*, may rebut a presumption of fact. Fladon *v.* Winter, 19 Ves. 196, n.; Wilkinson on Limit, 9, Winn *v.* Wearing, there cited, and in 19 Ves. there was a lapse of fifty years. This rule is well settled, Mayor *v.* Horner, Cowp. 109; Tilghman *v.* Father, 9 Watts, 442; 2 Cranch, 180; 6 Cowp. 401.

*Feb.* 25. PER CURIAM.—It is difficult to see what the act of 1797, to limit the duration of decedents' debts, had to do with a question of presumptive payment raised by lapse of time, or what the jury had to do with the interpretation of the rule of presumption. It was the business of the court to interpret it, and for the jury to apply it thus interpreted to the evidence. The material question raised by the assignment of error is, whether the mere poverty or insolvency of the defendant was sufficient to rebut the presumption, from the lapse of twenty years. The cases quoted on the part of the plaintiff in error show that neither the one nor the other can do so, unless it be such as to have created an abiding inability to pay during all the time. A man may be poor or insolvent, and yet contrive to pay a debt in twenty years. Whilaume *v.* Gorges is much stronger in circumstances of extreme destitution than the case before us, yet Lord Ellenborough held that the presumption of payment

was not rebutted by them.  And Fladon *v.* Winter is consistent with it.  A debtor doubtless cannot pay when he has neither the means nor an opportunity to pay ; but that was not the case here.  The defendant had ample opportunity ; and, though poor, the proof is that he was not all along entirely destitute, though he died so.  For error, therefore, in directing that insolvency or poverty alone might rebut the presumption, the cause must be sent to another jury.

Judgment reversed, and a venire de novo awarded.