## Guilloû, Appellant, *v.* Redfield.

*Bond—Presumption of payment—Insolvency of debtor.*

Mere poverty or insolvency of an obligor in a bond is not sufficient to rebut a presumption of payment after twenty years, unless it is such as to have created a continued inability to pay during the whole of that time. Proof of the insolvency of the debtor alone will not rebut the presumption of payment, much less will proof that during only a part of the time he was unable to meet other obligations, be effective.

The presumption that a bond twenty years from its maturity has been paid is not rebutted by payments alleged to have been on account of the bond, but shown to have been on other accounts, and by the insolvency of the obligor, when such insolvency is not complete and continuous during the whole period.

*Practice, C. P.—Trial—Exceptions.*

When the court on motion has stricken out the testimony of a witness, and no exception is taken at the time, the court cannot after a nonsuit has been entered, and the case ended, note an exception to the striking out of the evidence.

Argued Jan. 14, 1903. Appeal, No. 216, Jan. T., 1902, by

plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 995, refusing to strike off nonsuit in case of Victor Guilloû, Executor of Florencio J. Verrier, Deceased, to use of Solicitors Loan & Trust Company, Administrator d. b. n. c. t. a., v. Robert J. Redfield, Administrator of René Guilloû, Deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a bond. Before BRÉGY, J.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were (7) in refusing to note an exception to the striking out of testimony; (8) in refusing to take off nonsuit.

*J. Percy Keating*, with him *B. Gordon Bromley* and *John Samuel*, for appellant.—A collateral evidence of indebtedness given to secure another debt is just as much a debt as if given for cash down: Ayres v. Wattson, 57 Pa. 360; Jennings v. Loeffler, 184 Pa. 318.

The court below erred in entering a nonsuit, and in subsequently refusing to take it off: Gregory v. Com., 121 Pa. 611; Porter v. Nelson, 121 Pa. 628; Delaney v. Robinson, 2 Wh. 503; Beale v. Kirk, 84 Pa. 415; Tilghman v. Fisher, 9 Watts, 441; Devereux's Estate, 184 Pa. 429.

An exception should have been noted in the striking out of the testimony: Morris v. Buckley, 8 S. & R. 211; Dock v. Hart, 7 W. & S. 172; Jones v. Ins. Co. of North America, 1 Binn. 38.

*Richard C. Dale* and *Robert D. Maxwell*, for appellee.

OPINION BY MR. JUSTICE FELL, April 20, 1903:
Suit was brought on a bond more than twenty years after its maturity, and the question at the trial was whether the presumption of payment arising from the lapse of time had been rebutted by proof of payments on account of the bond or by proof of the continued insolvency of the obligor and his inability to pay.

The bond was for $47,300, due one year from its date, and was

given August 26, 1879, by René Guilloû to the executor of the will of F. G. Verrier. From an agreement made in 1881 between the obligor and the obligee and creditors of the estate, it appeared that the bond was a collateral obligation given to secure an accounting by Mr. Guilloû to the executor for assets of the estate of Verrier, which were in his possession. Five payments were made to creditors under the agreement on account of Mr. Guilloû's indebtedness to the estate before 1890. He died in 1893. Some of these payments were made by Mr. Guilloû and some by Mr. Verrier's executor. The first was made when the agreement was executed in order to reduce the amount due to two creditors to an even sum. The other payments were made from rents collected by the executor, to whom Mr. Guilloû had assigned the leases of a number of properties ; and from moneys realized by the conversion of collaterals pledged by Mr. Guilloû. The testimony, in our judgment, not only failed to show that any of the payments were on account of the bond in suit, but it affirmatively showed that all of them were on other accounts.

The evidence in support of the contention that Mr. Guilloû was unable to pay is contained in letters written by him between 1883 and 1886, the last being seven years before his death, to the attorney of the creditors of the estate. From these letters it appears that Mr. Guilloû, because of the loss of rents, was pressed for funds, and was obliged to use his income to prevent the foreclosure of mortgages on his real estate. They show financial embarrassment and inability promptly to meet his obligations, but they also show that he possessed assets of considerable value, which he confidently expected would enable him to pay in full. They were not written to the obligee in this bond nor in answer to a demand for its payment, but to the representative of creditors who were pressing for the payment of other obligations held as collaterals under the agreement mentioned. They fail to show a continued and absolute inability to pay, from which nonpayment might be inferred. Mere poverty or insolvency of a debtor is not sufficient to rebut a presumption of payment after twenty years, unless it is such as to have created a continued inability to pay during the whole of that time. Proof of the insolvency of the debtor alone will not rebut the presumption of payment; much less will

proof that during only a part of the time he was unable to meet other obligations, be effective: Taylor v. Megargee, 2 Pa. 225 ; Devereux's Estate, 184 Pa. 429.

During the trial a witness was asked, " Look at that agreement and say how the agreement was made, what led up to it, and afterwards what was done under it. " An objection to so much of the question as asked the witness how the agreement was made, was sustained. It is not clear what was meant by the first part of the question, and its tendency was to elicit statements that would not be competent evidence. The part of the question not objected to left it open to the plaintiff to show what led to the making of the agreement, and what was done under it. This was all that he was entitled to show. No exception was taken to the action of the court in striking out a part of the answer of a witness on motion of defendant's counsel until after the nonsuit had been entered. The court was right in then declining to note an exception. The case was ended and the court could not properly put upon the record something that did not occur at the trial.

The judgment is affirmed.