## Bartram's Estate.

*Promissory note—Note under seal—Payment—Presumption—Evidence—Insolvency—Province of court.*

1. After twenty years the presumption of payment of a promissory note under seal, is strong. It gains strength with age, and after thirty years it requires very clear and explicit proof to dislodge it.

2. In such case the death of the maker intervening raises an added protection.

3. Whether the evidence to overcome the presumption is sufficient in quality and quantity, is for the court.

4. The burden of removing the presumption of payment is on the creditor.

5. Insolvency to be available to rebut the presumption of payment, must continue during the whole period of the existence of the debt, and must be shown with the force of a substantive fact.

6. Before the fact of insolvency can be used to rebut the presumption of payment it must be shown that the debtor was absolutely unable to pay, not only the debt in question, but all debts during the entire period of twenty years, or so long as the debt was in existence.

Argued January 13, 1925. Appeal, No. 210, Jan. T., 1925, by Martha L. Garrett, claimant, from decree of O. C. Chester Co., No. 15439, dismissing exceptions to report of auditor, in estate of Nathan D. Bartram, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of Guy W. Knauer, Esq., auditor. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Martha L. Garrett, claimant, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*D. P. Hibberd,* with him *A. M. Holding* and *Ernest Harvey,* for appellant, cited: Gilmore v. Alexander, 268 Pa. 415, and cases there cited; Allegheny City v. Nelson, 25 Pa. 332, 334; Wanamaker v. Van Buskirk, 1 N. J. Eq. 685; Knight v. McKinney, 84 Me. 107, 24 Atl. 744; Unangst v. Kraemer, 8 W. & S. 391.

*Walter S. Talbot,* with him *Elbert N. Pusey,* for appellees, cited: Lash v. Von Neida, 109 Pa. 207; Griffith's Est., 14 W. N. C. 486; Geiger's Est., 14 Pa. Superior Ct. 523; Miller v. Overseers, 17 Pa. Superior Ct. 159; Fidelity Trust Co. v. Chapman, 226 Pa. 312; Guillou v. Redfield, 205 Pa. 293; Sheafer v. Woodside, 257 Pa. 276; Devereux's Est., 184 Pa. 429; Taylor v. Megargee, 2 Pa. 225.

OPINION BY MR. JUSTICE KEPHART, March 16, 1925:

Appellant's claim is based on a note under seal, dated September 15, 1890, and the sole question before us is whether the evidence adduced at the hearing was sufficient to overcome the presumption of a payment arising from lapse of time. Whether it is sufficient in quantity and quality is for the court, in a case such as this:

Fidelity Title and Trust Co. v. Chapman, 226 Pa. 312, 314. After twenty years the presumption of payment is strong. It gains strength with age, and after thirty years it requires very clear and explicit proof to dislodge it. The death of testator intervening raises an added protection.

The note was presented for payment from this estate after the maker died in 1921. An effort was made by claimant to show the debtor was unable to pay the debt. Insolvency, to be available to rebut the presumption, must continue during the whole period of the existence of the debt, and it must be shown with the force of a substantive fact: Sheafer v. Woodside, 257 Pa. 276, 283; Griffith's Est., 14 W. N. C. 486. It was held in an early case (Taylor v. Megargee, 2 Pa. 225, 226) insolvency alone would not be sufficient for this purpose. "A man may be poor or insolvent, and yet contrive to pay a debt in twenty years." But, before the fact of insolvency can be used to rebut the presumption of payment, it must be shown that the debtor was absolutely unable to pay not only this debt but all debts during the entire period of twenty years, or as long as the debt was in existence: Guillou v. Redfield, 205 Pa. 293.

All the debtor's property was sold in 1894, some time after the maturity of the note. Prior to this time he was conducting a business, and, while thus engaged, was not insolvent. Here, then, is a break in the chain of proof claimant cannot close; during this time the debt might have been paid and there is nothing to show it was not. From the time of the sheriff's sale until 1919 he was wholly without means, except small earnings and these were scarcely sufficient to keep him, his wife and daughter. His sister died during the last named year, and the debtor became her sole distributee. He received various sums of money, in all about $2,500, from the estate in addition to the ownership of an undivided half interest in a tract of land; the distribution of the proceeds of its sale is the cause of the present contest. When the

debtor died, he had over $2,000 in bank. There was no evidence the note had ever been presented for payment, or that any payment had been made on account of it during the thirty years, or that any had been demanded.

The principles of law which govern claims of this character have been recently stated in Gilmore v. Alexander, 268 Pa. 415, and Lefever's Est., 278 Pa. 196, 198. The burden of removing the presumption of payment was on plaintiff; whether the evidence was sufficient, where the question of credibility is not in issue, is for the court. The court below did not err in refusing to allow the claim.

The decree is affirmed, at the cost of appellant.