Russo, Assignee, Appellant, *v.* Roberts et ux.

Argued May 16, 1938.  Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*S. Thomas Bulfamonte,* for appellant.

*John E. Flynn,* with him *Smillie & Bean,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 17, 1938:

Thirty-five years ago, or on July 27, 1903, Mark W. Marsden executed a mortgage in the sum of $2,000 to Henry C. Terry, as collateral security for a note of the same amount and date. It was payable four months after date. The note was made by Marsden to the order of E. W. Strain and endorsed by Strain to Terry. The mortgage covered a lot of ground on Markley Street in the Borough of Norristown. Terry assigned the mortgage to E. C. Stokes, Trustee. The assignment was dated August 28, 1903. It does not clearly appear whether the assignment was made to Stokes for a debt of Terry or whether Stokes purchased it. He took title as trustee, but the record does not disclose for whom he was trustee. At or about the time the assignment was made $750 was paid on account of the mortgage debt and in the year 1906 a scire facias was issued to recover the balance. Judgment was entered for the sum of $1,-473.25. A levari facias and an alias levari were issued, the latter being stayed October 14, 1907, Marsden, the owner of the land, paying the costs.

Nothing was heard of the mortgage from that date until November 26, 1932, when Stokes assigned it to Dr. Joseph Russo, the appellant herein. Appellee and his wife, now deceased, bought the mortgaged premises from Marsden twenty or more years ago. It appears from the evidence that no demand was made upon them for the payment of the mortgage until Russo issued the scire facias on the original mortgage March 7, 1933. Appellee raises no point of the fact that the scire facias should have been on the judgment. The owners of the property rested their case on the presumption that mortgages and judgments unclaimed and unrecognized for

twenty years are presumed to have been paid. Appellant resisted this defense by attempting to show that the mortgage or judgment had not been satisfied in whole or in part during the time Stokes owned it, or from 1906 until his assignment of it in 1932. Stokes explains his failure to secure satisfaction for such a long period in that he was "absolutely indifferent" to his affairs, had never kept any personal records and had forgotten the existence of the mortgage until appellant called it to his attention with the idea of purchasing it. He was careful, however, to take an agreement from the purchaser that he should not be held liable in case it turned out that the mortgage had been paid. The court below submitted the case to the jury, who found in favor of the owners of the property, in other words, that the presumption had not been overcome.

It is useless to cite authorities that all debts excepted out of the statute of limitations, unclaimed and unrecognized for twenty years are presumed to have been paid. This presumption applies to judgments as well as to mortgages. This is an attempt to enforce a stale claim. Throughout the Commonwealth there are many unsatisfied judgments and mortgages over twenty years of age which have really been paid. To permit recovery on them after the evidence to show payment is beyond the reach of those whom they would make liable, would be a travesty on justice. The explanation of the failure to proceed on this mortgage for twenty-seven years is not satisfactory. Nor is appellant aided in any way by the pleadings, particularly the petition of the owners to have this lot released from the lien of this so-called encumbrance. Nowhere in it did they admit that it had not been paid. The evidence shows that none of the owners of the property had been asked to pay the mortgage, or had paid anything on it since Marsden's conveyance. Instead of rebutting the presumption of payment, this reinforces it; ordinarily if there had been

anything due on the mortgage, the mortgagee would have pursued his remedies.

The court below carefully charged the jury, stating the reasons that strengthened the presumption of payment: First, the lapse of thirty-three years from the date of the mortgage and thirty years from the date of the judgment. Second, the uncontradicted fact that no demand for payment was made for a quarter of a century before this suit was brought. Third, Marsden, the mortgagor, was dead and no doubt he alone knew the facts. Fourth, the mortgage was given as collateral security for a note, which was not produced. It may have been paid by Marsden, Terry or Strain and the obligation of the mortgagor thus lost. Fifth, the fact that Stokes states that his share in the transaction was handled through the Corn Exchange Bank from which he said he obtained a loan on the security of the mortgage; there is no record produced to show just what this transaction was, whether the note had or had not been paid, and it may have been paid through the bank. Sixth, there is the presumption that the note for which the mortgage was given was paid. Seventh, not only was the note not produced at the trial, but the original mortgage was not.

Appellant contends that the presumption was rebutted as a matter of law, because the evidence of nonpayment was uncontradicted. As the testimony was all oral, with the exception of the pleading mentioned, its weight was for the jury: *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236. And had the verdict been for appellant, on the record as it stands, the court would have been clearly warranted in granting a new trial. As it is the stale claim is defeated.

The judgment is affirmed.