Kreimer *v.* Smith, Appellant.

Argued March 26, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Niles Anderson,* Assistant School Solicitor and *Joseph A. Cirillo,* Assistant County Solicitor, with them *Anne X. Alpern,* City Solicitor, *Joseph A. Langfitt, Jr.,* Assistant City Solicitor, *Mortimer B. Lesher,* School Solicitor, *Oscar G. Peterson,* Assistant School Solicitor, *Alvin J. Porsche* and *N. K. Beck,* County Solicitor, for appellants.

*Hillard Kreimer,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, April 22, 1952:

Plaintiff, Charles Kreimer, instituted this action in mandamus to compel David A. Smith, Treasurer of the City and School District of Pittsburgh, and Charles F. Dinan, Treasurer of the County of Allegheny, to pay over to him or credit to his account towards the redemption of property in which he had an interest, certain rentals which defendants had collected from that property for a period of two years after acquiring it at a tax sale.

The property, a warehouse at 832-834 Second Avenue, Pittsburgh, was conveyed to defendants for costs by sheriff's deed, acknowledged June 21, 1947, following a sale initiated by the City of Pittsburgh, at which no one bid the upset price for the property. Pursuant

to an existing agreement between them, defendants turned the management of the property over to the Department of Lands and Buildings of the City of Pittsburgh, which leased it for $200 per month between June, 1947 and August, 1949, and collected a total of $5,408 in rents. Of this amount $3,600 was turned over to the three taxing bodies in proportion to their tax claims, the County of Allegheny applying its share to the back taxes on the property while the City and School District placed their shares in their general treasuries. The remaining $1,808 was credited by the Department of Lands and Buildings as follows: $300.64 for management commission; $324.45 for insurance; $208.00 for repairs; $263.68 as costs for sheriff's sale proceedings and $711.23 which it now holds for eventual distribution.

Plaintiff's interest in the property grew out of an assignment to him of the rights of the original mortgagee by written instrument, recorded July 19, 1949. Thereafter plaintiff, exercising his right of redemption, offered an initial installment payment on the price of the property to defendants which was accepted by them on August 31, 1949.[1] Defendants did not grant plaintiff the credits he claimed, but it was understood by the parties that, in making his installment payment, plaintiff did not waive his rights to pursue his claims. Subsequently he brought this action in mandamus, praying that all rents collected by defendants and not applied as a credit to back taxes be so applied or remitted to plaintiff in cash; that the sum of $711.23, in the hands of the Department of Lands and Building be paid to plaintiff and that the further sum of $263.68 in sheriff's costs, listed in the redemption agreement to be paid by plaintiff, be noted as paid. Following a hear-

---

[1] Since the date of the taking of this appeal plaintiff has paid, by installments, the total sum due on the property.

ing on a motion for judgment on the pleadings, the learned court below granted the prayer of plaintiff's motion and ordered defendants to pay over or credit to plaintiff the sums he averred were owing him. From this order defendants appealed.

A municipality is required under Section 29 of the Act of May 16, 1923, P. L. 207, as amended,[2] to apply the return from income producing property, purchased for sheriff's costs, to the payment, after present expenses, of costs of sale, unpaid taxes and municipal claims outstanding against the property. Section 32 of that Act, while limiting the period during which a party in interest might redeem the property to one year from the date of the acknowledgement of the sheriff's deed for the property, also provides that, if redemption is made within that period, the payment due will be less the amount of rents or other income received from the property while held by the municipality.[3] Plaintiff did not offer to redeem the property

[2] "Upon a purchase by a municipality for the sheriff's costs, any income received from the property by the municipality in excess of that necessary for the upkeep of said property and the payment of insurance premiums thereon, and the cost of improvements thereto, shall be applied to the payment of the costs of sale, then to payment of all taxes liened and unliened, in the order of their priority, the oldest being paid first, and then to municipal claims in the same order." (As amended, June 5, 1937, P. L. 1732).

[3] "The owner of any property sold under a tax or municipal claim, or his assignees, . . . may redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged ·by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom".

within that time limit, but defendant concedes that the right to do so was preserved for him by Section 1 of the Act of July 28, 1941, P. L. 535,[4] which extended the redemption privilege to so long as municipalities hold the title "whether or not the period during which the right of redemption existed shall have expired." This, however, contends defendants, does not extend the duty imposed on them by Section 29 or the right to deduction given plaintiff by Section 32 beyond the one-year period authorized by the latter section. They argue that Section 32 sets up a "primary redemption period" and that the extension of the redemption period permitted by the Act of 1941, supra, is a "secondary redemption period" which does nothing more than entitle plaintiff to a priority among purchasers and to purchase at a figure equal to the money due for taxes plus costs rather than at the market value of the property.

We cannot agree with defendants' position. Although Section 1 of the Act of 1941, supra, did not specifically extend the mandate contained in Sections 29 and 32 of the Act of 1923, to apply the net income to the payment of taxes, the two acts are, nevertheless, in *pari materia* and must be construed together, if possible: Statutory Construction Act of May 28, 1937, P. L. 1019, §62; *Swartley v. Harris,* 351 Pa. 116, 118, 40 A. 2d 409. Section 1 of the Act of 1941 has had no other effect on the requisites of property redemption authorized in Section 23 than to extend the statutory period

---

[4] "In all cases where heretofore or hereafter real property shall have been or shall be purchased at any tax sale by any political subdivision, any person who was or is entitled under existing law to redeem such property shall have such right of redemption so long as the title thereto remains in said political subdivision upon the payment of the amount due thereon by installments in the manner hereinafter provided, whether or not the period during which the right or redemption existed shall have expired."

for the redemption. This is not inconsistent with the time limitation contained in Section 32. It merely adds to the existent one-year period of redemption a further extension of time terminable upon the transfer of title by the political subdivision. There is no change in the limitation as to who may be a proper party in interest; or the requirement that the party redeeming pay the amount bid at the sale; or the necessity to pay sundry costs of the sale or other debts outstanding; or of the nature or number of claims that are released by the payment of the redemption price. No reason exists therefore, why the appropriate sections of the respective acts should not be read together so as to allow. plaintiff the credit he claims. The directions in Section 29 and 32 of the Act of 1923 to credit the net income against the delinquent taxes and other charges are as much a part of the Act as are the other steps of the redemption procedure outlined therein and, just as the obligation upon plaintiff to comply with those requirements while effecting a redemption was extended beyond the original one-year period by the Act of 1941, so also was the duty upon defendants to apply the income from the property to those taxes and charges. The argument of defendants that the two acts provided for primary and secondary redemption periods conferring different rights and duties on plaintiff and defendant respectively is, therefore, without any basis.

We have carefully examined such of those cases called to our attention by defendants as are concerned with the Act of 1941 and conclude that they are inapposite since they do not discuss the effect of that Act upon the Act of 1923.

It is clear that the duty imposed on defendants by the Act of 1923 to apply the net income from the rents they received from the warehouse property, which plain-

tiff has redeemed, during the years they held title to that property was extended by the Act of 1941 and that defendants were bound to give plaintiff a credit equal to that amount. When they refused to do so plaintiff was correct in instituting this action in mandamus and the learned court below properly granted the prayer of his petition.

Order affirmed at appellants' cost.