## Hennessy Estate

Before Klein, P. J., Bolger, Hunter, Saylor and Shoyer, JJ.

*Norman R. Bradley* and *John J. King*, for exceptants.

*Thomas Z. Minehart*, contra.

HUNTER, J., December 5, 1952.—The question involved in these exceptions is whether a creditor of decedent has rebutted the presumption of payment of a judgment over 20 years old.

On December 20, 1925, Kathryn V. Hennessey, decedent, and John J. Hennessey, her husband, executed a bond and warrant in the principal amount of $1,500 in favor of South Hollywood Building Association of Philadelphia.

On July 26, 1929, South Hollywood Building Association of Philadelphia entered judgment on the bond and warrant.

The judgment has never been satisfied of record.

The books of the association show no payment of the debt.

The debt was secured by a second mortgage on premises, 1826 S. 56th Street, Philadelphia.

All debts excepted out of the statute of limitations, unclaimed and unrecognized for 20 years, are presumed to have been paid. This presumption applies to judgments as well as to mortgages: Russo v. Roberts et ux., 331 Pa. 173.

The creditor, the South Hollywood Building Association, to rebut the presumption and show nonpayment, relies upon the negative evidence of its books and prothonotary's records where payment if made would customarily have been noted.

There is no affirmative evidence of demand for payment and proceedings to enforce it, or of payment on account, or of inability to pay, acknowledgment by the debtor or promise to pay the debt, within the 20-year period, or proof of other circumstance accounting for the delay of the creditor.

We agree with the master that Lefever's Estate, 278 Pa. 196, is direct authority for the proposition that an alleged creditor cannot overcome the presumption of payment merely by proving that its books contain no record of payment. In that case the court said (p. 197):

"The only evidence submitted by the claimant was that of the assistant cashier of the bank, who testified that he had been continuously employed by it as bookkeeper, teller and assistant cashier since 1883, with the exception of 1905, and testified that from his own knowledge and from his knowledge of the affairs of the bank, the note had not been paid; that it was customary to mark the date when a note was paid or renewed, and in this case it remained open. The information on which his evidence is based was, 'There is nothing on the books to show that the note had ever been paid'. The discount ledger and judgment were offered in evidence. . . .

"The records of the bank and the testimony of the

cashier are not sufficient evidence of themselves to prevent the operation of the statute. They failed to account in a satisfactory way for the many intervening circumstances and conditions by and through which judgments of this character may be paid. The officer who testifies must necessarily testify from hearsay evidence and from the work of others. Where such claims, notes or judgments may be paid in other than cash, and the bank receives its full credit, the notes or judgments sometimes, through neglect, remain open. As we stated in Hummel v. Lilly, 188 Pa. 463, 467, 'The extraordinary laches exhibited by a delay of twenty years, during which no demand has been made for either any of the principal or any of the interest of a money obligation, can only be accounted for, where there is no explanation of the delay, on the theory that the obligee has received satisfaction for his debt in some way, or that there is some good legal or equitable reason why he should not recover' ".

We cannot distinguish this claim from any other claim where the creditor has lain dormant and inactive for 20 years.

There must be thousands of unsatisfied mortgage bonds and judgments dating from the depression and they should not be perpetuated by evidence merely that they remain open on the books of claimant. The presumption of their payment may be rebutted "only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to negative the likelihood of payment and sufficiently accounting for the delay of the creditor.": Corn v. Wilson et al., 365 Pa. 355.

This is especially the rule where no demand for payment is made until after the death of the alleged debtors: Bartram's Estate, 282 Pa. 536; Russo v. Roberts

et ux., 331 Pa. 173; Conrad's Estate, 333 Pa. 561; Frey's Estate, 342 Pa. 351.

John J. Hennessey, one of the debtors, was well known as County Commissioner of Philadelphia at the time of his death in 1945, and no claim was presented at the formal settlement of his estate in this court. His widow, this decedent, survived him by five years, and this claim was not asserted until after her death.

In our opinion, the South Hollywood Building Association of Philadelphia has not made out a prima facie claim as creditor which would entitle it to an account.

### Decree

And now, December 5, 1952, the exceptions are dismissed, the report and supplemental report of the master are approved, and in accordance with his recommendation the petition is dismissed.

The compensation of the master is fixed at $100 which, together with the master's expense for clerk's costs in the filing of his report of $5, is directed to be paid by petitioner.