Haughey *v.* Dillon, Appellant.

2

Argued November 16, 1953; reargued April 15, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*P. Nicholson Wood*, with him *Grover C. Ladner, Herbert G. Schick* and *Clark, Ladner, Fortenbaugh & Young*, for appellant.

*C. Russell Phillips*, with him *Lester S. Hecht* and *Montgomery, McCracken, Walker & Rhoads*, for appellees.

OPINION BY MR. JUSTICE ARNOLD, September 27, 1954:

In this action to quiet title, tried by a jury, defendant appeals from the court's refusal of his motions for new trial and for judgment n.o.v. The appeal poses two questions: (1) Was the presumption of payment of a mortgage upon the premises rebutted as a matter

of law? (2) Does the assignee of a mortgage, by assignment subsequent to a tax sale of the mortgaged premises, have a right to redeem within the contemplation of Section 32 of the Act of 1923, P. L. 207, 53 PS §2052?

As admitted in the pleadings and a stipulation of the parties, the facts are: On October 9, 1922, one Hayden, then owner of the three lots involved, executed three mortgages thereon, each in the sum of $4,000 and payable within three years. On the same day the mortgagee, Boylan, assigned the mortgages to the Market Street Title & Trust Company. Also on the same day Hayden conveyed the lots to Boylan, subject to the mortgages, and Boylan then executed three mortgages in the sum of $2,000 each to a Loan Association.

On September 14, 1925, Boylan entered into agreements postponing payment of the original mortgages for three years from that date. On September 23, 1926, the Loan Association entered judgment on the bonds accompanying its mortgages, caused a vend. ex. to issue thereon, and upon sale thereof on March 5, 1928, purchased the premises subject to the lien of the assigned original mortgages.

Thereafter, in 1931, the then assignee of the original mortgages issued scire facias sur mortgage, and on November 15, 1933, entered judgments thereon. On December 26, 1933, the Loan Association conveyed the premises to one McMurray, subject to the original mortgages, without consideration and solely to avoid future liability for real estate taxes. However, neither this deed of conveyance nor possession of the premises was ever delivered to McMurray. Nor did he know anything about it.

On February 5, 1951, the lots were sold to plaintiffs by the City of Philadelphia for unpaid taxes from 1933 to 1951, the deeds being acknowledged by the

sheriff on April 9, 1951. Shortly thereafter plaintiffs began construction of a building on the premises, of a value of some $35,000.

On December 8, 1951, defendant obtained assignment of the original mortgages for the sum of $500, and on December 10, 1951, sent a notice to plaintiffs of his desire to redeem. It will be noted that defendant did not purchase the owner's right of redemption, but only an assignment of the mortgages, nor was he given the original bonds and mortgages. Neither the Loan Association nor McMurray appeared in the proceedings in any manner as witness or otherwise. Defendant filed petitions for redemption on January 4, 1952. This action was commenced on March 10, 1952.

"There is a long established presumption that a mortgage, as well as all evidences of debt excepted out of the Statute of Limitations, unclaimed and unrecognized for 20 years, has been paid . . . This presumption of payment after a lapse of 20 years is a strong one and is favored in law as tending to the repose of society, the protection of the debtor, and the discouragement of stale claims . . . The presumption of payment may be rebutted only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to negative the likelihood of payment and sufficiently accounting for the delay of the creditor . . . Moreover, whether the facts and evidence relied upon to rebut the presumption of payment are true is a question of fact for the jury; but whether, if true, they are sufficient to rebut the presumption, is a question of law for the court": *Corn v. Wilson*, 365 Pa. 355, 358, 359, 75 A. 2d 530.

Applying the foregoing principles to the instant case, we cannot but hold that the presumption of payment was not rebutted by defendant. Merely because

the unsatisfied judgments on the mortgages and the "straw-man" conveyance were both made subject to the mortgages does not, as contended by the defendant, rebut the presumption. The judgments were entered on scire facias sur mortgage, a proceeding in rem; and the conveyance was admittedly made solely to avoid future liability for real estate taxes, with the grantee having no knowledge of the coveyance and never having been given possession. Furthermore, no foreclosure proceeding followed the entry of the judgments on the scire facias. There is nothing to show that the mortgagor knew of either; nor can either be transformed into an admission by the owner of the premises that the debt was not paid. Aside from these, there is nothing else to overcome the presumption. Defendant's case is without proof that payment was not made at some time within the twenty year period.

In addition, various other factors present here leave no doubt that the presumption was not rebutted. There was nothing to show any admissions by the mortgagor or parties succeeding him in interest; nor was it shown that any demand for payment was made or any effort made to collect the debt. He has thus failed to overcome the effect of the presumption in plaintiffs' favor. Defendant's complaint that the court below erred in submitting to the jury the question of whether the presumption was overcome, is without merit. If anything, it ran to his benefit; for the court could have declared as a matter of law that this was not rebutted: *Corn v. Wilson,* 365 Pa. 355, 358, 359, 75 A. 2d 530.

Nor can defendant exercise the right of redemption. As heretofore stated, defendant obtained assignment of the mortgages some 10 months after the tax sale and 8 months after acknowledgment of the deed by the sheriff. As to the right of redemption the Act of 1923, P. L. 207, 53 PS §2052, provides: "The *owner* of any

property sold under a tax or municipal claim, *or his assignees, or any party whose lien or estate has been discharged thereby,* may redeem the same . . ." (Italics supplied).

We again point out that no assignment of the owner's right of redemption was made to this defendant. He is only assignee of the mortgage. As such he is not entitled to redeem. An examination of the statutes permitting redemption, the principles of construction applicable to such statutes, and the intent of the legislature thus infalliby shown, lead to the irresistible conclusion that *only* those "whose lien or estate has been discharged" by the sale, and *not* their assignees, can exercise this right of redemption.

Right of redemption did not exist at common law,— it was created by statute. The Act of 1840, P. L. 349, 72 PS §6095, provided that any person having "a lien or other equitable interest . . . his heirs, *assigns* or other legal representatives . . . [may] redeem . . . as fully as the owner . . . might or could do . . ." (Italics supplied). Subsequent statutes (Act of 1901, P. L. 364, and Act of 1923, P. L. 207) changed the provisions as to redemption. As set forth herein, the Act of 1923 gave the right to *"the owner . . . or his assignees"* or to "any party whose lien or estate has been discharged" by the tax sale. (Italics supplied).

Subsequent to the Act of 1840, this Court determined in *Gault's Appeal,* 33 Pa. 94, that under those statutes the assignee of the owner had a right to redeem. Thereafter the legislature saw fit to repeal that and subsequent Acts by passage of the Act of 1923, and to change the provision above noted. A change of language in subsequent statutes on the same matter indicates a change of legislative intent: *Commonwealth v. Lowe Coal Co.,* 296 Pa. 359, 366, 145 A. 916. Why else would the legislature change the language? Only

because it wanted to limit the rights of redemption. As to the owner, it desired that his assignees should also have the right to redeem as theretofore, and so stated; but as to others, it had no such desire and therefore omitted any reference to their "assignees." As stated by this Court in *Saint Paul Mercury Indemnity Company's Appeal*, 325 Pa. 535, 537, 191 A. 9, "where a provision of an act is expressly stated to apply to named persons or groups, those persons and groups not named are excluded." The only "assignees" provided for in this Act are those of the owner, and we must hold that the assignee of a mortgage by assignment subsequent to a tax sale of the mortgaged premises does not have a right to redeem within the contemplation of Section 32 of the Act of 1923, P. L. 207, 53 PS §2052. See also *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 40 A. 2d 30. *Kreimer v. Smith*, 370 Pa. 242, 88 A. 2d 54, does not support defendant. This matter was not in issue in that case, and in addition the parties acknowledged in writing that the right of redemption existed, without questioning whether it did or did not.

Judgment affirmed.