Philadelphia *v.* Taggart (et al., Appellant).

8

Argued November 24, 1953; reargued April 15, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Herman Blumenthal,* for appellant.

*Matthew S. Biron,* for Leonard Goldfine, appellee.

*Karl I. Schofield,* with him *Herman L. Mash,* Assistant City Solicitors, and *Abraham L. Freedman,* City Solicitor, for City of Philadelphia, amicus curiae.

OPINION BY MR. JUSTICE ARNOLD, September 27, 1954:

As in *Haughey v. Dillon,* 379 Pa. 1, 108 A. 2d 69, the instant case involves construction and application of Section 32 of the Act of 1923, P. L. 207, 53 PS §2052.[1] In addition, Section 33 of the Act, 53 PS §2053, as it affects Section 32, is also involved.

After the premises in question had been sold for taxes under the provisions of the Act, appellant became the owner, by assignment, of a mortgage and of a municipal claim. He thereupon filed a petition under Section 32 of the Act to redeem the premises. The court below granted the right of redemption, but held that upon redemption "the tax sale . . . is rescinded, and all tax and other liens discharged by the tax sale, and not actually paid, are restored." Appellant contends that the "tax and other liens" were discharged, and filed his appeal therefrom. This Court ordered that the case be argued on the question of whether appellant has the right of redemption.

For the reasons stated in *Haughey v. Dillon,* supra, as an assignee of the mortgage by assignment subsequent to the tax sale of the mortgaged premises, he has no right of redemption.

He contends, however, that as the assignee of the municipal claim even though the assignment was also made subsequent to the sale, Section 33 of the Act gives him the right of redemption. This section provides: "Any claim filed or to be filed, under the provisions

---

[1] "The *owner* of any property sold under a tax or municipal claim, *or his assignees, or any party whose lien or estate has been discharged thereby, may redeem the same* . . ." (Italics supplied)

of this act, and any judgment recovered thereon, may be assigned or transferred to a third party . . . and *such assignee shall have all the rights of the original holder thereof . . . ."* (Italics supplied).

The answer to this contention is that Section 32 is all-inclusive as to the rights of redemption in the parties, unaffected by other provisions relating to the right of acquisition of claims affected thereby. And, as set forth more fully in *Haughey v. Dillon,* the legislature intended that only those whose claims or interests were discharged by the tax sale should have the right of redemption. It did not give such right to those who acquired the claims subsequent to the sale.

Further, Section 63 of the Statutory Construction Act, 46 PS §563, provides: "Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict . . . be irreconcilable, the special provisions shall prevail . . . ." Applied to the instant case, this rule of construction requires that Section 32 prevail over Section 33 insofar as the right of redemption. Section 32 presumes to apply solely and specifically to redemption by parties having an interest in the land, and is all-inclusive in its provisions therefor. Section 33 has no applicability to such right but only pertains generally to the right of assignment or transfer of a claim filed under the Act,—a right which is limited in its effects by Section 32. Any other construction would make meaningless the clear intent of the words and intention of the legislature in its provision for redemption.

The order of the court below is reversed, and it is hereby directed to enter an order denying the petition for redemption in accordance with this opinion.