Philadelphia *v.* Smyth, Appellant.

Argued March 19, 1954. Before HIRT, ROSS, GUN-
THER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES,
P. J., absent).

*Albert F. Sabo,* for appellants.

*Martin Feldman,* with him *Herman Bloom* for ap-
pellee.

OPINION BY WOODSIDE, J., October 8, 1954:

Two sewer liens filed against certain lots by the
City of Philadelphia to the use of Frunzi Contracting
Company were discharged by a sheriff's sale for de-
linquent taxes under the Act of May 16, 1923, P. L.
207, because sufficient money was not bid at the sale
to cover the aforesaid liens after a rule had been en-
tered against, inter alia, the lienholders to show cause
why the lots should not be sold free and clear of all
encumbrances for delinquent taxes. On April 27, 1953
Stanley Szczurek, appellant, purchaser at the sheriff's
sale, executed a deed conveying title to said lots unto
Frank Ulrich, appellant. On June 2, 1953, on an order

of assignment executed by Manus McHugh, Esquire, attorney for Frunzi Contracting Company, said sewer liens were marked to use of Matilda Hammer, appellee-petitioner. On June 24, 1953 appellee-petitioner filed a rule in Common Pleas No. 1 and on June 25, 1953 in Common Pleas No. 4, of Philadelphia County, on respondents Stanley Szczurek and Frank Ulrich to show cause why the said lots sold at sheriff's sale for delinquent taxes should not be redeemed under Sec. 32 of the Act of May 16, 1923, as amended, 53 PS §2052. The lower courts made the rules for redemption absolute.

The question here presented is whether the assignee of the lienholder has the right to redeem. The precise question was decided by the Supreme Court in an opinion filed September 27, 1954 by Justice ARNOLD in *Philadelphia v. Taggart,* 379 Pa. 7, 108 A. 2d 68.

In holding that the assignee of a lienholder could not redeem it was there said, ". . . the legislature intended that only those whose claims or interests were discharged by the tax sale should have the right of redemption. It did not give such right to those who acquired the claims subsequent to the sale."

The orders of the courts below are reversed, and they are hereby directed to enter orders denying the petitions for redemption in accordance with this opinion.