Jones *v.* Steinberg (et al., Appellant).

518

Argued March 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*D. Arthur Magaziner,* with him *Richard A. Sprague* and *Sterling, Magaziner, Stern & Levy,* for appellant.

*Thomas W. Maher,* for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

Plaintiffs instituted an action to quiet title, alleging that a certain mortgage lien should be satisfied of record because of the presumption of payment which arises from nonpayment of principal or interest for twenty years. After a hearing without a jury, the trial Judge found for plaintiffs. Exceptions were dismissed by the Court en banc, with one Judge noting a dissent.[1] A final decree was later entered, and this appeal followed.

The record discloses that, on June 18, 1925, Mame H. Jones and her husband, John L. Jones, executed and delivered a bond and mortgage to the I. Rich Building and Loan Association covering premises situate at 155 North Dewey Street in the City of Philadelphia. As a result of a merger, the I. Rich Association subsequently became known as the Samuel Levick Building and Loan Association, which liquidated on June 2, 1930. Appellant and two others (now deceased) were appointed as liquidating trustees. Appellees averred in their complaint that no payment had been made on account of principal or interest of the said mortgage "for upwards of 21 years after the 7th day of July, 1932". Admitting this averment, appellant alleged in his answer "that about ten years ago and again about five years ago, the said John L. Jones admitted and acknowledged the indebtedness . . . and promised and agreed to make payment thereof"; further, "that on or about July 2, 1948, the plaintiffs' attorney, Thomas W. Maher, by letter which he was authorized to write, acknowledged the indebtedness . . . and offered to pay the sum of $300.00 in satisfaction thereof".

---

[1] Such an order appears in the docket entries. The Court en banc filed no separate opinion.

At the trial, appellant called G. Franklin Jones, one of the appellees, on cross-examination. He testified that he was the son of the mortgagors and the brother of the other appellees; that Mrs. Jones died in November, 1947, and her husband died three weeks later. He produced the pass book showing that the last payment was made on July 7, 1932. He further testified that, several months after his father's death and in his capacity as executor of his father's estate, he inquired of appellant what could be done to have the matter cleared up so that the mortgage could be satisfied. Subsequently, the witness directed his attorney to write a letter making an offer of compromise "without prejudice". Appellant did not testify concerning any conversations with John L. Jones. He did testify, however, as to circumstances surrounding the original inquiry of G. Franklin Jones; also that, a year or more after the attorney's letter, G. Franklin Jones again inquired what was being done about the mortgage. Appellant's position is that, under all the evidence, the lower Court "should have found that the presumption of payment was rebutted".

As stated in *Corn v. Wilson*, 365 Pa. 355, 75 A. 2d 530: "There is a long established presumption that a mortgage, as well as all evidences of debt excepted out of the Statute of Limitations, unclaimed and unrecognized for 20 years, has been paid . . . This presumption of payment after a lapse of 20 years is a strong one and is favored in law as tending to the repose of society, the protection of the debtor, and the discouragement of stale claims . . . The presumption of payment may be rebutted only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to negative the likelihood of payment and sufficiently accounting for the delay of

the creditor . . . Moreover, whether the facts and evidence relied upon to rebut the presumption of payment are true is a question of fact for the jury; but whether, if true, they are sufficient to rebut the presumption, is a question of law for the court". See also *Haughey v. Dillon*, 379 Pa. 1, 108 A. 2d 69. When a case is tried without a jury the credibility of witnesses and the weight to be accorded their testimony is for the trial Judge, and his general finding has the force and effect of a jury's verdict: *Robinson Electrical Co. v. Capitol Trucking Corp.*, 168 Pa. Superior Ct. 430, 79 A. 2d 123. Applying the foregoing principles to the instant case, we all agree that the decision of the lower Court should be affirmed.

The original mortgage and bond were not produced, and there was no attempt on the part of the creditor to explain the delay in insisting upon payment. As was said in *Russo v. Roberts*, 331 Pa. 173, 200 A. 76, "ordinarily if there had been anything due on the mortgage, the mortgagee would have pursued his remedies." See also *Osborne Estate*, 382 Pa. 306, 115 A. 2d 201. Appellant argues that G. Franklin Jones in effect admitted that the debt had not been paid. But the finding of the trial Judge in this connection was as follows: "Assuming that Jones had authority to represent all the owners of the property, there was nothing to show that he admitted that there was anything due on the mortgage, but his visit was one of inquiry, merely to ascertain how much appeared due on the mortgage according to the association books". Appellant further argues that the attorney's letter indicates that there was no claim that the debt had been paid. However, as previously noted, the letter was written "without prejudice". An offer of compromise is not admissible to prove the debt. See *Mannella v. Pittsburgh*, 334 Pa. 396, 6 A. 2d 70. In the words of Judge CRUMLISH:

"The letter does not expressly admit the validity of the mortgage, and it might well be that the purpose of the letter was merely to get rid of the record of the mortgage which was a blot on the title and would have prevented the owners of the property from selling it . . . The defendants have not offered sufficient evidence to rebut the presumption of payment and I therefore find for the plaintiffs".

Decree affirmed.