## Northeast Alumni Building & Loan Assn.
## v. Schreiber

*A. Walling Levin*, for plaintiff.

*Duane, Morris & Heckscher*, for defendant.

GUERIN, J., June 23, 1959.—This matter comes before us on the complaint of plaintiff to foreclose a mortgage on premises 1118 South 48th Street, Philadelphia. Defendant, under new matter, avers that for at least

21 years there has been no demand for payment of either principal or interest on said mortgage, and requests that it be satisfied of record because of the presumption that the mortgage has been paid.

The case was tried by a judge without a jury. From the pleadings and the proofs we make the following:

### Findings of Fact

1. Under date of April 20, 1928, Margaret M. Heston executed and delivered to plaintiff her mortgage secured upon premises 1118 South Forty-eighth Street, Philadelphia, in the sum of $10,000, and recorded at Philadelphia in Mortgage Book J.M.H. 6277, p. 77.

2. Said mortgage was an installment share building and loan mortgage, providing for monthly payments on 50 shares of stock of plaintiff association held as collateral security for said loan.

3. The mortgage was subject to a first mortgage in the sum of $10,000 held by the Philadelphia Saving Fund Society, dated July 25, 1925.

4. On March 20, 1933, plaintiff association being insolvent, its shareholders voted to voluntarily liquidate, electing Clifford P. Allen, 3rd, Theodore G. Alteneder and H. Oscar Smith, since deceased, as liquidating trustees thereof.

5. Thereafter no demand for payment of either principal or interest was ever made on either the original mortgagor, Margaret M. Heston, or on defendant.

6. The books of the liquidating trustees show that said second mortgage was dropped and written off as a loss in 1935.

7. The records of the Department of Banking of the Commonwealth of Pennsylvania also show that said mortgage was written off as having no value on or before March 14, 1936.

8. The liquidating trustees made no attempt to collect on said mortgage for a period of over 23 years.

9. The liquidating trustees made their last collection on behalf of plaintiff association in 1941; no distribution has since been made.

10. The first mortgage held by the Philadelphia Saving Fund Society in the sum of $10,000 was marked satisfied of record, in the office of the Recorder of Deeds of Philadelphia County, on October 27, 1950.

## Discussion

On April 20, 1928, Margaret M. Heston, a widow, executed and delivered to plaintiff association her mortgage in the sum of $10,000 upon premises 1118 South Forty-eighth Street, Philadelphia, and recorded at Philadelphia in Mortgage Book J.M.H. 6277, p. 77. Said mortgage was an installment share building and loan association mortgage providing for monthly payments on 50 shares of stock of plaintiff association held as collateral security, with the principal sum of $10,000 being due and payable within one year from the date thereof. The above mentioned mortgage was a second mortgage, being subject to a first mortgage in the sum of $10,000 held by the Philadelphia Saving Fund Society, dated July 25, 1925. Subsequently, the above property was conveyed to defendant, Margaret S. Schreiber, granddaughter of Margaret M. Heston.

On March 20, 1933, plaintiff association being insolvent, its shareholders voted voluntarily to liquidate said association and elected Clifford P. Allen, 3rd, Theodore G. Alteneder and H. Oscar Smith, since deceased, as liquidating trustees. In the conduct of liquidating the affairs of plaintiff association, the liquidating trustees, in 1935, wrote off as a loss the mortgage of Margaret M. Heston. The Department of Banking of the Commonwealth of Pennsylvania, under whose supervision and regulations said liquidation proceeded, also wrote said mortgage off as having no value on or before March 14, 1936.

Sometime in 1958 it came to the attention of defendant's attorney that the mortgage of Margaret M. Heston was still outstanding, never having been satisfied of record. Said attorney thereafter contacted the then surviving liquidating trustees inquiring as to the nature and status of said second mortgage. Later, this action to foreclose on Margaret M. Heston's mortgage followed. In answer thereto defendant under new matter requests that said mortgage be marked satisfied of record because of the presumption that a mortgage, unclaimed and unrecognized for a period of 20 years, has been paid.

One question is here presented for our determination, namely, whether the evidence offered by plaintiff was sufficient to rebut the presumption of payment of the $10,000 mortgage of Margaret M. Heston. Under all the evidence and testimony adduced herein, we are of the opinion that plaintiff failed to meet the legal burden of rebutting said presumption, and thus order its liquidating trustees to mark satisfied of record the mortgage to it from Margaret M. Heston, dated April 20, 1928, and recorded at Philadelphia in Mortgage Book J.M.H. No. 6276, p. 77.

The rule is clear in cases of this nature that: "There is a long established presumption that a mortgage, as well as all evidences of debt excepted out of the Statute of Limitations, unclaimed and unrecognized for 20 years, has been paid: . . . This presumption of payment after a lapse of 20 years is a strong one and is favored in law as tending to the repose of society, the protection of the debtor, and the discouragement of stale claims: . . .

"The presumption of payment may be rebutted only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to

negative the likelihood of payment *and sufficiently accounting for the delay of the creditor:* . . .

"Moreover, whether the facts and evidence relied upon to rebut the presumption of payment are true is a question of fact for the jury; but whether, if true, they are sufficient to rebut the presumption, is a question of law for the court: . . ." (Italics supplied) : Corn v. Wilson, 365 Pa. 355, 358, 359.

When we apply the above principles to the matter before us, it is our opinion that plaintiff failed to offer clear, satisfactory and convincing evidence to rebut the presumption of payment, and further, the testimony of plaintiff's witnesses clearly failed sufficiently to account for its delay in acting to collect said alleged indebtedness.

Plaintiff called two witnesses whose testimony was material to the issue before the court, Clifford P. Allen, 3rd, and Theodore G. Alteneder, the two surviving liquidating trustees. Defendant was unable to call the original mortgagor, Margaret M. Heston, a woman presently 95 years of age and in ill health. The principal testimony going to the issue before us was offered by Mr. Allen and corroborated by Mr. Alteneder. Mr. Allen testified that the only attempt made to collect plaintiff's assets was done by letters to its debtors, and this between 1933 and 1935, that as to the instant mortgage, foreclosure was precluded by the first mortgage in the sum of $10,000 held by the Philadelphia Saving Fund Society, which coupled with several years taxes due at that time, and plus sheriff and attorney costs, would have resulted in no equity for plaintiff, that the instant mortgage was written off as a loss in 1935, that a final account was filed in 1941 with the Department of Banking of the Commonwealth of Pennsylvania. Both liquidating trustees testified that to their knowledge no payments had been received by

them on account of the mortgage here in question, and that no demand for payment thereon made.

We cannot fail to comment that we are here faced, in effect, with an ex parte proceeding because of the unavailability of the original mortgagor, Margaret M. Heston. It was just this type of situation that the law hoped to avoid, the pursuit of stale claims after the principal parties thereto had passed away or otherwise became unavailable. Although we do not question the integrity or credibility of either Mr. Allen or Mr. Alteneder, we are of the opinion that the facts and evidence presented herein are, under the law, insufficient to rebut the presumption of payment of this mortgage. From 1935 to 1958, a period of 23 years, no action was taken to foreclose on this mortgage, or in any other way to collect thereon; throughout the same period there was no evidence of any claim or demand for payment; no testimony or proof was offered of any declaration or admission by the mortgagor or other parties in interest to rebut the presumption of payment; finally, notwithstanding the fact that the first mortgage was paid off in 1950, and satisfied of record, still no action was taken by the liquidating trustees to pursue diligently and prudently the rights of plaintiff, if any existed. In fact, the liquidating trustees made no effort whatsoever for a period of 23 years even to check on the status of the first mortgage. The explanation of the failure to proceed on this mortgage for such a long period of time was not satisfactory. See Russo v. Roberts, 331 Pa. 173.

In our opinion, had the liquidating trustees kept themselves informed of the status of the first mortgage on the premises herein involved, they would or could have acted to protect the alleged interest of plaintiff well within the 20-year period; their failure so to act was an inexcusable delay for which no sufficient accounting was given. There is no question that had

not defendant's attorney inquired of the liquidating trustees as to the nature and status of this mortgage, there would still have been no action taken to foreclose thereon.

In the light of the above we find against plaintiff and in favor of defendant.

### Conclusions of Law

1. Under date of April 20, 1928, Margaret M. Heston executed and delivered to plaintiff her mortgage secured upon premises 1118 South Forty-eighth Street, Philadelphia, in the sum of $10,000, and recorded at Philadelphia in Mortgage Book J.M.H. 6277, p. 77.

2. On March 20, 1933, plaintiff association being insolvent, its shareholders voted voluntarily to liquidate said association.

3. Thereafter no demand for payment of either principal or interest was ever made of the original mortgagor, Margaret M. Heston, or of defendant, Margaret S. Schreiber, by the liquidating trustees of plaintiff association.

4. There is a long established presumption that a mortgage, as well as all evidences of debt excepted out of the statute of limitations, unclaimed and unrecognized for 20 years, has been paid.

5. Plaintiff's evidence did not clearly, satisfactorily and convincingly rebut the presumption that the mortgage here had been paid, nor did plaintiff offer proof of circumstances tending to negative the likelihood of payment.

6. Plaintiff did not sufficiently account for the delay in failing to collect on the alleged mortgage indebtedness.

7. There shall be entered the following:

### Decree Nisi

And now, June 23, 1959, it is ordered, adjudged and decreed that Cifford P. Allen, 3rd, and Theodore G.

Altenender, liquidating trustees of the Northeast Alumni Building and Loan Association, mark satisfied of record the mortgage of Margaret M. Heston, dated April 20, 1928, upon premises 1118 South Forty-eighth Street, Philadelphia, and recorded at Philadelphia in Mortgage Book J.M.H. 6277, p. 77. . . .

*Opinion sur Exceptions to Adjudication*

PER CURIAM, October 6, 1959.—Plaintiff's exceptions to the adjudication of the trial judge were argued before the court en banc, and after careful study and consideration thereof, we are of the opinion that the adjudication properly determines the issues involved, except as hereinafter modified.

We deem it unnecessary to repeat what was stated by the trial judge in discussing the evidence, the effect thereof and the applicable principles of law, which we approve and adopt as our opinion, supplemented by what is stated herein.

Plaintiff excepts to the trial judge's finding of fact number 5. There being ample proof to support this finding of fact made by the trial judge, as well as the other findings of fact made by him, we approve and adopt them as the findings of fact of the court.

Plaintiff also excepts to the refusal of the trial judge to approve plaintiff's request for findings of fact numbers 4 to 24 inclusive, 26 and 27, and 29 to 31 inclusive.

Plaintiff's request for finding of fact number 5 was not refused by the trial judge but is in essence embodied in finding of fact number 4, as well as in the discussion of the trial judge. Plaintiff's request for findings of fact numbers 6, 10, 16, 17 and 23 were not refused by the trial judge but are amply covered in the discussion of the trial judge. Plaintiff's request for finding of fact number 27 was not refused by the trial judge but is found in the trial judge's findings of fact numbers 3 and 10, as well as in his discussion. Plain-

tiff's request for findings of fact numbers 7 to 9, 11 to 15, 18 to 22, 24, 26 and 29 to 31 in our opinion, either had no bearing on the issue raised at trial, or called for conclusions supported neither by the facts nor by the evidence, and therefore were properly denied.

Plaintiff's request for finding of fact number 4, namely: "That the aforementioned mortgage first matured and became due and payable on March 20, 1933, when the Association became insolvent and voted to liquidate", in our opinion, is supported neither by the evidence nor by the law. We are in agreement with defendant's contention that said mortgage, because of a default testified to by the liquidating trustees, became due and legally collectible a number of years prior to March 20, 1933. Our finding in no way invalidates the trial judge's findings of fact or conclusions of law, but only reinforces his discussion thereof, which clearly enunciates the law, and in addition thereto, spells out one more reason why plaintiff's exceptions must be dismissed.

Plaintiff argues that on the record the presumption of payment could only operate between March 20, 1933, and 1937, because defendant in her answer expressly admitted no payments on account of principal or interest for more than 20 years prior to the institution of suit. It is to be noted that defendant was not the debtor; therefore the burden remained upon plaintiff to show by evidence, sufficient in law, that there was no payment, not only from 1933 to 1958, but for some years prior to 1933, and not from 1935 to 1938 as found by the trial judge, for the reason that there was absolutely no testimony to cover the period prior to March 20, 1933, which was necessary under the law since the debt became legally collectible sometime prior thereto because of the default of the debtor.

Plaintiff argues that under section 912 of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS

§1074-912, the mortgage herein, being a building and loan installment share mortgage, did not mature and the presumption of payment did not start to run until the association went into liquidation on March 20, 1933. However, under subsection B of the Building and Loan Code of 1933, sec. 912, 15 PS §1074-912, it is clearly indicated that upon default of borrower, plaintiff association had the power to demand payment of any mortgage loan or share loan. Since the liquidating trustees testified that for some years prior to liquidation this mortgage was in default, said indebtedness was legally collectible sometime prior to March 20, 1933, thus, the 20-year rule applicable herein commenced to run from the date of said default. To rule otherwise would permit a creditor, if he deemed it to his advantage, to stretch the 20-year period to a 30, 40 or 50-year period. Such a rule would be both inequitable and unjust. We thus hold, under the reasoning of Rosenbaum v. Newhoff, 396 Pa. 500, and particularly footnote 3 thereof, that the lapse of time necessary to raise the presumption of payment is measured from the date when an indebtedness, regardless of the nature thereof, became legally collectible.

Plaintiff also excepts to the 3rd and 5th to 8th conclusions of law of the trial judge. As these conclusions of law properly determine the issues presented, we approve and adopt them as the conclusions of law of the court, as well as the other conclusions of law of the trial judge, except as hereinafter modified, and therefore refuse to find plaintiff's request for conclusions of law numbers 1 to 4, 6 and 8 to 18 inclusive. Plaintiff's exception to the trial judge's refusal to grant its request for conclusion of law number 5, as was pointed out supra, was properly denied since defendant herein was not the debtor. Plaintiff's exception to the trial judge's refusal to grant its request for conclusion of law number 7 was not denied by the

trial judge but was properly the subject of finding of fact number 4, and elaborated upon by the trial judge in his discussion.

In the light of the above, the trial judge's conclusions of law are modified so as to insert therein conclusion of law 1(a) as follows:

1(a). For some time prior to March 20, 1933, said mortgage indebtedness was in default, and thus legally collectible.

Plaintiff's exceptions are dismissed.

A final decree, in the form of the decree nisi, is entered.