## Hinnau v. City of Pittsburgh

*Howard S. Auld*, for petitioner.
*Daniel W. McClure*, for respondent.

LEWIS, J., December 8, 1965.—This matter involves a petition for the redemption of certain real estate, acquired by the City of Pittsburgh by virtue of a tax sale.

Sidney Hinnau, the brother of petitioner, was the owner of a certain piece of property located in the Twenty-seventh Ward of the City of Pittsburgh, County of Allegheny. Taxes having become delinquent, a public sale, as authorized by the Act of July 5, 1947, P. L. 1258, sec. 1, 53 PS §26101, was held on June 1, 1959. At that time, the interest of Sidney Hinnau was sold by the Treasurer of the City of Pittsburgh to the City of Pittsburgh by deed recorded in the Treasurer's Deed Book, vol. 9, page 371, being treasurer's sale no. 373, 1959.

The property in question was held by the City of Pittsburgh in trust for the three taxing bodies concerned, the City of Pittsburgh, the School District of the City of Pittsburgh and the County of Allegheny. By agreement of these three taxing bodies, the Department of Lands and Buildings of the City of Pittsburgh is authorized to sell such property.

On February 15, 1965, the department of lands and buildings entered into an agreement of sale for the property with Earl R. and Rose A. Hoehle, and hand money thereon was received.

Sidney Hinnau died on October 4, 1961, leaving a will which devised his estate to petitioner. On June 23, 1965, petitioner presented the present petition, requesting that he be permitted to redeem the property in question.

There is no common law right to redeem property which has been sold at a tax sale, and the existence and scope of a right of redemption is solely of statutory origin: Haughey v. Dillon, 379 Pa. 1 (1954). The statute applicable here is the Act of July 5, 1947, P.L. 1258, sec. 3, 53 PS §26103. It provides:

"The lands sold under this act may be redeemed by the owner or by any one interested in said lands, at any time within one year after such sale, . . ."

The clear meaning of the statute is that a right of

522

redemption is preserved for one year after the sale. In the present situation, redemption is sought more than six years after the date of the sale. During the interim, an agreement of sale has been entered into by the department of lands and buildings for the sale of the property to third persons.

Petitioner has presented no valid reasons to permit redemption, and the agreement of sale that was entered into is a compelling reason to deny it. The petition for redemption of real estate will, therefore, be denied.

ORDER OF COURT

And now, December 8, 1965, it is ordered that the petition for redemption of real estate be and the same is hereby denied.